# Saller Lewin & Co. *v.* The Insurance Company of North America.

62   221
134   347

## *Garnishment.*

1.  *Code of 1876 ; § 3302 construed.*—Under section 3302 of the Code of 1876, the plaintiff in a garnishment suit has the right to contest with a transferree of the judgment debtor, the right to the money sought to be garnished ; and when proper proceedings to this end are taken by the garnishing creditor, the garnishee must hold the money until such contest is decided, and any subsequent disposition of it, by him, is at his peril.

2.  *Garnishment ; what judgment proper in.*—Where the garnishing creditor has taken proper steps to contest with a transferree of the judgment debtor, the right to the fund sought to be subjected to garnishment, and the transferree, after proper notice fails to appear and propound his claim, judgment

should be rendered against the garnishee for the amount admitted in his answer.

APPEAL from Mobile Circuit Court.

Tried before J. LITTLE SMITH, ESQ., Special Judge.

The appellants, Saller Lewin & Co., having obtained a judgment against one B. R. Levy, sued out process of garnishment against the appellees, The Insurance Company of North America. This garnishment was served on the 11th day of March, 1876. This process was returnable on the first Monday in April, 1876, at which time the garnishee failed to answer, and a judgment *nisi* was taken against it. On notice of the judgment by *sci fa.*, J. C. Reese, as agent for the insurance company, filed a written answer on the 25th day of July, 1876. The answer was, in substance, as follows: That the said Levy held a policy, issued by the garnishee, insuring his furniture to the amount of fifteen hundred dollars; that on the 6th day of March, 1876, this furniture was destroyed by fire, and the garnishees became liable under said policy; that on the same day, and a short time after the fire, the garnishee was notified that the policy had been assigned by Levy to one Gabriel Jacobson, and the money due on the policy was subsequently, and after the service of this garnishment, paid to Jacobson.

Motion having been made, the court ordered the garnishee to answer orally, and in obedience to this order, Reese, the agent of the garnishee, appeared and answered orally. This answer was substantially the same as the former one. Soon after this the appellants moved the court for an order to Jacobson to come in and propound his claim to the fund. This order was granted, and Jacobson duly notified, but he refused to appear or take any part in the controversy.

Appellants then filed an affidavit contesting the answer of the garnishee, on the ground that "it is untrue in law." A motion was made by the garnishee to strike this affidavit from the file, on the ground "that no issue of fact is tendered thereby."

On this motion being made, the appellants moved the court to strike out of the affidavit of contest the words "in law," so as to leave the affidavit as tendering an issue in fact, which was refused by the court, and the appellants excepted.

The garnishee then moved the court for its discharge, which the court granted, and the appellants excepted.

The refusal of the motion to amend the affidavit of contest, and the refusal to give judgment against the garnishee, are now assigned as error.

D. P. BESTOR, for appellants.—The answer admitted an

indebtedness to Levy, and suggested that the funds were claimed by Jacobson. Proper notice was then served on Jacobson to come in and set up his claim to the money in the hands of the garnishee. The test is, did the answer admit an indebtedness to Levy, for which an action of debt or *indebitatus assumpsit* would lie against the garnishee in his favor. If so, judgment against the garnishee ought to have been rendered.—*M. & O. R. R. Co. v. Whitney & Co.*, 39 Ala. 468.

BOYLES, FAITH & CLOUD, *contra.*—The answer is to be treated as if the garnishee had not said anything about having paid over the money.—2 Ala. 179; 4 Ala. 387. The fact that Jacobson was cited and failed to appear gave plaintiff no right to judgment upon the answer.—39 Ala. 468. The answer of the garnishee not being contested, the court did not err in the discharge of the garnishee.—Rev. Code, § 3299.

STONE, J.—We do not propose in this case to consider the sufficiency of the affidavit of contest, the right of plaintiff in garnishment to amend the affidavit by striking out the words "in law," or the several rulings of the Circuit Court on that phase of the case. It is manifest that from anything appearing in the record, the case was not one that called for or justified a contest of the truth of the garnishee's oral, or amended answer. We may add, however, that we have detected no error in the rulings of the court in reference to the affidavit of contest.

The answer of the garnishee admitted there was a subsisting contract by policy of insurance, in force on the 6th March, 1876, the date of the fire, by force of which the garnishee became indebted to Levy, the judgment debtor, in the sum of fifteen hundred dollars; purely a money demand, for which a suit in debt, or *indebitatus assumpsit*, would have lain, at the end of the time when, by the terms of the policy, the loss was demandable. The insurance company was notified after the fire, but on the same day, that this claim was transferred by Levy to Jacobson; but the company did not bind itself to pay the money to Jacobson. Five days afterwards, on the 11th, the writ of garnishment was served; and some two months later the insurance company paid the loss in full to Jacobson, as transferree of the claim. This is the substance of the oral, amended answer of the garnishee. The statute, Code of 1876, § 3302, makes provision for just such a case as this. It gives to the judgment creditor—plaintiff in garnishment—the right to contest with the transferree the right to the money. When, in such case, a notice

is moved for by the plaintiff, and ordered by the court, the proceedings against the garnishee are suspended until the issue is disposed of. In the mean time the garnishee becomes a stake holder, and must hold the money until the result of the contest and trial determines to whom the money shall be paid. If, before the determination of the contest, or its abandonment (the plaintiff in garnishment is not compellable to contest the transferree's right to the money,) the garnishee pays the money to the transferree, he does so at his peril, and does not, in the least, diminish his liability to have the debt condemned in his hands. It does not rest with him to decide whether the transfer is *bona fide.—Mobile & Ohio Railroad Co. v. Whitney*, 39 Ala. 468, and authorities cited.

When Jacobson was summoned, it became his duty, if he claimed the money, to come forward and propound his interest, and thus try the right with plaintiff in garnishment. If he failed to do so, we will not say that the garnishee, in a case like the present, would not have the right to use the transferree's name, and thus tender an issue, and test the *bona fides* of the transfer. But, in the trial of such issue, he can assert no higher or better claim than the transferree could have asserted, if the money had remained in the hands of the garnishee. The transferree being summoned, and failing to appear, and no issue being tendered, it becomes the duty of the court to give judgment against the garnishee, on the admitted indebtedness contained in his answer.

Reversed and remanded.