# Jackson *v.* Jackson *et al.*

## *Bill in Equity to Enjoin Suit at Law.*

1. *Dissolution of injunction on denials of answer.*—When the *onus* of proving the facts alleged in the bill is on the complainants, a sworn answer on knowledge, denying the allegations, generally requires a dissolution of the injunction on motion; but, when the burden of proof is not on the complainant, and the facts set up in the answer are in the nature of confession and avoidance, the injunction will not be dissolved on motion.

2. *Interpleader at law.*—The statute authorizing an interpleader at law, on suggestion of a defendant having money in his hands which is claimed by different persons (Code of 1876, §§ 2906–07; Code of 1886, § 2610), does not apply to an action against a partnership, for money deposited with them by plaintiff, which is claimed by the administrators of her husband's estate, one of whom is a member of the partnership.

APPEAL from Lauderdale Chancery Court.
Heard before the Hon. THOMAS COBBS.

O'NEAL & O'NEAL, and McCLELLAN & McCLELLAN, for appellant.

SIMPSON & JONES, *contra*.

STONE, C. J.—Aristides E. Jackson died intestate in January, 1887, and in March afterwards the appellees were appointed administrators of his estate.    Felix E. Jackson and Andrew Jackson were partners in trade in the firm name of Jackson Bros.    Soon after the death of intestate, Mrs. Elizabeth Jackson, his widow, deposited with Jackson Bros. eight hundred and eighty dollars, as of her own money, and took their receipt therefor.    Subsequently she demanded the money of them, but they refused to pay it to her, on the ground, as they alleged, that the money was claimed as part of the assets of the estate of the intestate, and was not hers. She thereupon instituted an action at law against them for the recovery of the money she had so deposited with them. Felix E. Jackson, one of the administrators, is the same Felix E. Jackson who is a member of the firm of Jackson Bros. The present bill was filed by the administrators.    It asserts that said money is the property of the estate of Aristides E. Jackson; that Mrs. Jackson claims it under an alleged gift made by her husband to her in his life-time; denies that such gift was made, and prays an injunction against her suit at law.    It charges that she is insolvent.    A temporary injunction was awarded.    The foot-note waives answer under oath.

Mrs. Jackson filed a sworn answer.    She admitted that without the eight hundred and eighty dollars she is insolvent.    She denies the averments of the bill, that she took the money without authority, and avers that her husband gave it to her in his life-time.    She demurred to the bill, mainly on the ground that complainants had an adequate remedy at law; to be particularly noticed further on.    A motion was made to dissolve the injunction, first, for the want of equity in the bill; and, second, on the denials contained in the answer.  The chancellor overruled the motion to dissolve, and from that ruling the present appeal is prosecuted. We will first consider the question of the denials in the answer.

When the bill avers facts, the burden of proving which is entirely on complainant, then, if the sworn answer is made on knowledge, and contains an unequivocal denial of the charges on which the right to an injunction rests, the general rule is, that the injunction must be dissolved on the denials in the answer.—3 Brick. Dig. 352, § 303.    But even this rule is not universal.—*Satterfield v. John*, 53 Ala. 127; *Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Davis v. Sowell*, 77 Ala. 262.

The present case, however, does not fall within the class described above. Under the averments of the bill, the burden of disproving the alleged gift from intestate to his wife does not rest on complainants. On the contrary, stated as the question is in the bill, it was for her to satisfy the court by proof that the gift had been made to her. The answer on this point is in the nature of a confession and avoidance and will not avail to dissolve an injunction.—*Rembert v. Brown*, 17 Ala. 667; *Miller v. Bates*, 35 Ala. 580.

The chancellor did not err in refusing to dissolve the injunction on the denials in the answer.

The second ground taken in demurrer is, that complainants had an adequate remedy at law, and therefore the bill is without equity. The remedy claimed in argument is, what is known as our statutory provision for interpleader at common law.—Code of 1886, § 2610. Possibly a sufficient answer to this argument is, that the enlargement of the jurisdiction of the courts of law, or the recognition or enforcement by them of equitable rights and interests, even when conferred in terms by statute, does not, in the absence of statutory prohibition, take away or impair the original jurisdiction of the chancery court.—*Lee v. Lee*, 55 Ala. 590; *Westmoreland v. Foster*, 60 Ala. 448.

We hold, however, that the statute invoked is not adapted to such a case as this. The double relation which Felix E. Jackson sustains to the transaction, incapacitates him to seek redress under its provisions. It can scarcely be said that F. E. Jackson, administrator, is not a party to a suit against F. E. Jackson; and he surely could not make oath that he, in the one capacity, is not in collusion with himself in the other. Other clauses of the statute might be commented on, but we deem it unnecessary.

Section 2611, Code of 1886, is not suited to a suit on a moneyed demand.

We hold that the bill contains equity, and that the chancellor did right in retaining the injunction until the hearing on the merits.—*Farris v. Houston*, 78 Ala. 250.

Affirmed.