(108 So. 369)

### ALEXANDER CITY BANK v. HOME INS. CO. OF NEW YORK. (7 Div. 589.)

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

1. **Interpleader** ⬅️2.

Rights of garnishees, made parties to bill of interpleader, are not adequate, and their rights to proceed at law are not exclusive.

2. **Interpleader** ⬅️1.

Office of interpleading suit is not to protect party against double liability, but against double vexation for one liability.

3. **Interpleader** ⬅️11—Bill in equity in nature of interpleader by garnishee seeking to be relieved from adjusting claims of garnishing creditors held proper (Code 1923, § 10390).

Bill in equity in nature of bill of interpleader, under Code 1923, § 10390, by garnishee admitting liability and seeking to be relieved from necessity of adjusting conflicting claims of garnishing creditors against it and fund brought into court, held proper.

4. **Interpleader** ⬅️32.

Priority of lien of garnishment to fund held by garnishee may be protected on final hearing in court of equity on bill of interpleader brought by garnishee, or fund distributed pro rata among creditors.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Bill in equity by the Home Insurance Company of New York against the Alexander City Bank and others. From a decree overruling its demurrer to the bill, the named respondent appeals. Affirmed.

S. J. Darby, of Alexander City, and Ball & Ball, of Montgomery, for appellant.

A garnisheee, without some independent equity, cannot maintain a bill of interpleader. Birmingham National Bank v. Mayer, 104 Ala. 634, 16 So. 520; Code 1923, § 8068; Henry v. McNamara, 114 Ala. 107, 22 So. 428; Disham v. Griffis, 196 Ala. 664; Calhoun v. Whittle, 56 Ala. 138; Buford v. Welborn, 6 Ala. 818; Jefferson Co. Sav. Bank v. Nathan, 138 Ala. 343, 35 So. 355; Wohl v. First Nat. Bank, 154 Ala. 332, 46 So. 231; 4 Pomeroy's Eq. § 1324; Stewart v. Sample, 168 Ala. 270, 53 So. 182.

Knox, Dixon, Sims & Bingham, of Talladega, Steiner, Crum & Weil, of Montgomery, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

The right of the garnishee in a court of law is not adequate, and is not exclusive. Johnson v. Blackmon, 201 Ala. 537, 78 So. 891; Hayward & Clark v. McDonald, 192 F. 890, 113 C. C. A. 368; Cleveland v. Insurance Co., 151 Ala. 191, 44 So. 37.

THOMAS, J. [1, 2] The bill is in the nature of a bill of interpleader. It is not interpleader under the former statute (Marsh v. Mut. Life Ins. Co., 200 Ala. 438, 76 So. 370; Cloud v. Dean, 212 Ala. 305, 102 So. 437), but a bill in the nature of a bill of interpleader under statutory and equitable principles of interpleader. The title and body of the codification of section 10390 of the Code of 1923 is "Action in the nature of interpleader," and is broad enough to extend the right and privilege of interpleader in equity to parties similarly situated to file such bill. The conflicting rights of garnishees, made parties to this bill, are not adequate, and their right to proceed in law is not exclusive. The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability. Crawford v. Fisher, 1 Hare, 436; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891; Hayward & Clark v. McDonold et al., 192 F. 890, 113 C. C. A. 368.

[3] The remedy under the proceeding here is more adequate and effective to accomplish the full release of the garnishee and the adjustment of the respective claims between the numerous garnishing creditors to the fund in question. Complainant brings the fund into court, admits its liability, and asks that it be relieved of the vexatious and harassing necessity of adjusting the various and conflicting claims of the garnishing creditors against it and the fund in question. Each plaintiff in garnishment would have the right to contest the answer of the garnishee, thereby involving the garnishee in numerous controversies, which can be settled in this single proceeding, and certainly the rights of the plaintiffs in garnishment are not affected or prejudiced by such proceeding.

[4] The right of the holder of the fund claimed by several creditors is not to be confused with that of the garnishee, the subject of the contest of the answer in Birmingham Nat. Bank v. Mayer, 104 Ala. 634, 16 So. 520, before the recent statute to which we have adverted. The priority of lien, if such there be, to the funds or moneys may be maintained

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and protected on final hearing in a court of equity; and if there is no priority and the fund is insufficient, the same will be pro rated among those defendants entitled to that fund.

There is no error in the ruling of the trial court, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.