FLEMING v. PHŒNIX ASSUR. CO. et al.*

No. 5605.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1930.

W. O. Mulkey, of Geneva, Ala., and J. C. Yarbrough, of Enterprise, Ala., for appellant.

*Rehearing denied June 13, 1930.

B. G. Farmer and A. K. Merrill, both of Dothan, Ala. (Farmer, Merrill & Farmer, of Dothan, Ala., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

The Phœnix Assurance Company issued a policy of fire insurance to R. O. Fleming, covering a stock of merchandise owned by him and contained in a store at Enterprise, Ala. The policy covered loss up to $4,000. Seven other insurance companies issued similar policies on the same goods, the whole aggregating insurance of $26,000. The property was destroyed by fire on July 15, 1928, except as to salvage amounting to about $10,-000. The insurance companies denied liability on the ground that Fleming had violated the iron safe clause, contained in all the policies, by failing to keep safe and produce books and inventories, and had voided the policies by executing chattel mortgages on the stock of goods. All the policies contained the clause that in case of loss each insurance company shall pay only the pro rata which its own maximum of loss bears to the total amount of loss. On October 15, 1928, Fleming filed separate suits against the insurance companies in the circuit court of Coffee county, Ala., at Enterprise. Five of the suits, each involving more than $3,000, were removed to the federal court, and three of them, each involving less than the jurisdictional amount, were left pending in the state court. Some fifteen creditors of Fleming filed suits against him in the state courts for various amounts ranging from $150 to $900, and issued attachment and garnishment proceedings against each of the insurance companies. All the suits are pending, and liability of the insurance companies is undetermined.

Alleging the facts substantially as above set out, the Phœnix Assurance Company filed a bill making Fleming, the other insurance companies, and the attaching creditors parties, and prayed for judgment holding itself and the other insurance companies not liable on any of the policies and, in the alternative, that the court determine the amount due Fleming and the pro rata to be contributed by the insurance companies, and determine the rights of Fleming and the attaching creditors to the fund. The bill shows the necessary diversity of citizenship and sufficient jurisdictional amount.

Fleming moved to dismiss the bill as being without equity on the ground the plaintiff

has a plain and adequate remedy at law, and further set up that the District Court was without power to enjoin the prosecution of the suits in the state courts.

The other insurance companies filed a joint answer admitting all the allegations of the bill. The garnisheeing creditors also filed a joint answer, raised no question as to the jurisdiction of the court, and admitted practically all the allegations of the bill except those upon which the plaintiff relied for relief as against Fleming, which were denied.

After a hearing, the District Court overruled the motion to dismiss the bill and issued a preliminary injunction against all the defendants. From the judgment granting a preliminary injunction, this appeal is prosecuted by Fleming alone.

It is argued on behalf of the plaintiff that, as its liability to Fleming is as yet undetermined, it will be compelled to litigate that question, not only as against him, but as against each of the garnisheeing creditors, and that it will be subject to double vexation in respect of one liability and be exposed to the danger of having judgments rendered against it in the garnishment proceedings, although it may prevail as against Fleming. The argument is persuasive.

As the appeal is only from an interlocutory order, extended discussion is unnecessary. A bill in the nature of a bill of interpleader, such as this is, will lie where a party is threatened with a multiplicity of suits and double vexation in respect of one liability, although he may at the same time seek to defeat all or part of the claim against himself. Groves v. Sentell, 153 U. S. 465, 14 S. Ct. 898, 38 L. Ed. 785; Cleveland v. Insurance Co. of North America, 151 Ala. 191, 44 So. 37; Alexander City Bank v. Home Ins. Co., 214 Ala. 544, 108 So. 369. As between the Phœnix Assurance Company as plaintiff, and Fleming and the attaching creditors as defendants, we think the bill will lie.

The plaintiff also contends that all of the insurance companies have a community of interest, and the bill is brought on their behalf as persons similarly situated. We do not agree with this contention. There is no privity between plaintiff and the other insurance companies, nor is there any right of contribution among them. The liability of each is fixed by the total loss, of which each must bear its pro rata, according to the face of the policy issued. It is possible that judgments differing in amount may be rendered against the various insurance companies, but a judg-

ment against one will not affect the others. Of course, it would be more convenient and tend to better promote the ends of justice to have the entire litigation settled in one suit, but there is not sufficient community of interest to warrant one of them bringing a bill on behalf of all. Scruggs & Echols v. Am. Cent. Ins. Co. (C. C. A.) 176 F. 224, 36 L. R. A. (N. S.) 92; Equitable Life Assur. Society v. Brown, 213 U. S. 25, 29 S. Ct. 404, 53 L. Ed. 682.

As to Fleming and the creditors garnisheeing the Phœnix Assurance Company, the District Court had jurisdiction to entertain the bill and issue the injunction. To that extent the judgment appealed from is affirmed. In all other respects it is reversed, without prejudice to any of the parties. Appellees to pay costs of appeal.

Affirmed in part.

Reversed in part.

