183 So. 441

**FOSHEE v. BOARD OF EDUCATION OF HOUSTON COUNTY et al.**

**3 Div. 241.**

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied Oct. 6, 1938.

458

Lawrence F. Gerald, of Clanton, and Mullins, Deramus & Stuart, of Birmingham, for appellant.

John W. Rish, of Dothan, for appellees.

FOSTER, Justice.

This is a bill of interpleader in which complainant is a garnishee in an action at law where the plaintiff claims that the garnishee is indebted to defendant in the action, and complainant, as garnishee, answered that it did not owe defendant, but had done so, and that prior to the garnishment the debt had been assigned to another person named. Plaintiff in the action caused an order to be made requiring an oral examination. Section 8067, Code.

At that stage, the garnishee filed this bill of interpleader, and sought to have the garnishment enjoined, bringing the money into court. Judgment had been rendered against defendant, and garnishment was for the purpose of collecting it. The garnishee's answer is that it contracted a debt with defendant not fully paid: that before the issuance of the garnishment defendant directed it to pay the balance due to Beckley-Cardy Company, and that it agreed to do so, and that it owes them and not the defendant.

That was sufficient to invoke the statutory interpleader provided by section 8079, Code. It was then incumbent upon the plaintiff to take advantage of the opportunity to bring in the claimant and interplead with him. If this was not done, he lost his right to have the debt condemned to his judgment. Edwards v. Levinshon, 80 Ala. 447, 2 So. 161; Fowler v. Williamson, 52 Ala. 16, 18; Saller v. Ins. Co. of North America, 62 Ala. 221; Donald v. Nelson, 95 Ala. 111, 10 So. 317; House v. West, 108 Ala. 355, 19 So. 913. And the garnishee would not be subjected to double vexation or liability.

If plaintiff causes notice to issue and claimant is required to interpose his claim, the garnishee is likewise relieved of double vexation.

It is true that provision by statute for a trial of the right to the fund, as between the party named by the garnishee as its owner and of plaintiff to subject it to his debt does not have the effect of

depriving a court of equity of the ancient remedy of interpleader, when seasonably invoked. Jackson v. Jackson, 84 Ala. 343, 4 So. 174; Wheeler v. Armstrong, 164 Ala. 442, 51 So. 268; Davis v. Douglass, 12 Ala.App. 581, 68 So. 528; Alexander City Bank v. Home Ins. Co., 214 Ala. 544, 108 So. 369.

The statute furnishes a remedy usually sufficient and adequate. And in trials based on it equitable rights are enforced when they would prevail in a chancery suit. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; First National Bank v. Murphree, 218 Ala. 221, 118 So. 404; Gunter & Co. v. Bankers Mortgage B. & L. Ass'n, 232 Ala. 95, 167 So. 266; Greene v. Rolston, 226 Ala. 446, 147 So. 628.

It sometimes happens that the statutory remedy is not adequate, as where there are several plaintiffs all garnishing the same debt, each claiming priority. Alexander City Bank v. Home Ins. Co., 214 Ala. 544, 108 So. 369. Also where there have been several assignments of the debt and other complicated questions exist. Commonwealth Ins. Co. v. Terry, 230 Ala. 125, 159 So. 822.

Even in those cases, the garnishee had not invoked the statutory remedy before filing a bill in equity. But there is in this case no such complication. There is no inadequacy of remedy because the debt due by the garnishee is in excess of plaintiff's judgment. The procedure in such a case is simple under the statute. Code, § 8080. The garnishee cannot invoke the remedy in equity after he has taken advantage of the statutory remedy, not disposed of.

The Beckley-Cardy Company has appeared in this suit, and filed a cross-bill setting up its claim. Demurrer to it was overruled. Such cross-bill cannot stand independently of the original bill since it asserts no equitable claim not available in a statutory interpleader.

It is our opinion that the bill of interpleader cannot be sustained under the circumstances here shown.

The demurrer to the bill and cross-bill should have been sustained. It is so ordered.

Reversed, rendered and remanded.

ANDERSON, C. J.; and BOULDIN and KNIGHT, JJ., concur.