### MASSACHUSETTS BONDING & INS. CO. v. CITY OF ST. LOUIS et al.

No. 8563.

United States District Court
E. D. Missouri, E. D.

Feb. 24, 1952.

Walther, Hecker, Walther & Barnard, and William J. O'Herin, of St. Louis, Mo., for plaintiff.

Samuel.H. Liberman and John F. Nangle, of St. Louis, Mo., for defendant Gerald J. O'Connor.

James E. Crowe, of St. Louis, Mo., for City of St. Louis.

HULEN, District Judge.

Jurisdiction of this Court is questioned in defendant Gerald J. O'Connor's motion to dismiss the amended complaint. The issue turns on whether plaintiff can join as defendants, in its bill of interpleader, to determine rights in the principal sum of its bond of $15,000, those whose claims do not exceed the sum of $3,000.

Plaintiff executed its bond as surety for a taxicab company operating in St. Louis. The City of St. Louis was named obligee. Pertinent terms of the bond are:

"The condition of the above bond is such, however, That, whereas, Serve-All Service Car and Livery Corporation has been licensed by the City of St. Louis to operate certain service cars in said City, not to exceed sixty-six (66). Now therefore, if the said principal shall pay all final judgments rendered against it, for any injury to, or death of any person, or for any damage to property, from the negligence of such owner of his agent in the operation of a service car in the City of St. Louis (provided that the maximum payment required of surety on all judgments recovered against principal, shall not exceed the amount of this bond) then this bond shall be null and void; otherwise it shall remain in full force and effect. This bond shall inure to the benefit of any person recovering a judgment and a suit may be brought in any court of competent jurisdiction upon such bond by the holder of any such judgment.

"* * * It is understood and agreed that the indemnity in this instrument shall not exceed in the aggregate the sum of Fifteen Thousand Dollars ($15,000.00) for any and all of the obligations provided for under Chapter 65, Revised Code of St. Louis, 1948, or as it may hereafter be amended respecting the operation of service cars and when the surety herein shall have paid the sum of Fifteen Thousand Dollars ($15,000.00) for any and/or all of the obligations provided for under said Chapter 65 or amendments thereto, said surety shall be released forever."

Fourteen individuals now have judgments against the taxicab company, ranging from $60.45 to $12,500. Only two exceed the sum of $3,000, but the total of the fourteen exceeds the principal of the bond, or over $25,000. It does not appear from the complaint when the various judgments became final. The holder of the judgment for $12,500, Gerald J. O'Connor, has brought suit in the Circuit Court against plaintiff under the terms of the bond.

Plaintiff has paid the sum of $15,000 into the Court registry and pleads:

"9. Plaintiff states that the total of said judgment exceeds the penalty of said bond of $15,000.00. Plaintiff states that it desires to be relieved of its liability on said bond and tenders into the registry of this Court the full penalty of said bond, to-wit, the sum of $15,000.00; and states that it has no interest in the various contentions of the various defendants and desires to interplead this fund for their use and benefit.

"10. Plaintiff states that it has no adequate remedy at law, and that

unless the defendants are enjoined from prosecuting the above and threatened actions against this plaintiff, it will be faced with a multitude of suits and multiple liability and the respective claimants will be involved in numerous controversies."

Plaintiff sought and was granted a temporary injunction, without bond, against defendant Gerald J. O'Connor, from prosecuting action in the State Court on the bond. These facts appear from the record and are not in dispute.

 We agree with movant that it is the general rule that the separate claims of many plaintiffs against one defendant cannot be joined in one suit for the purpose of establishing the jurisdictional prerequisite and that separate claims of one plaintiff against numerous defendants cannot be aggregated for like purposes. The case of Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493, lists many illustrations of this rule. None of the cases cited are of the same character as this one.

Defendant has misconstrued the nature of this case. The holders of judgments against the taxicab company must found any action against the plaintiff on its bond obligation. Plaintiff has no claims against the judgment holders. It admits liability on its bond in the face amount.

Under the present record the limit of its liability is $15,000. Plaintiff has but one liability and that is its bond. All of the judgments cannot be paid. Some Court must determine how the amount of the bond shall be apportioned among all final judgment holders. In that sense plaintiff's obligation is not an independent one. Plaintiff is entitled to relief and it is entitled to get it in one action. Being a non-resident and all defendants residents, it is entitled to Federal jurisdiction since the amount involved, in so far as it is concerned, is $15,000.

We think the case of Fleming v. Phoenix Assur. Co., 5 Cir., 40 F.2d 38, certiorari denied 282 U.S. 869, 51 S.Ct. 76, 75 L.Ed. 768, is authority for our holding [40 F.2d 39.]

"A bill in the nature of a bill of interpleader, such as this is, will lie where a party is threatened with a multiplicity of suits and double vexation in respect of one liability, although he may at the same time seek to defeat all or part of the claim against himself. Groves v. Sentell, 153 U.S. 465, 14 S.Ct. 898, 38 L.Ed. 785; Cleveland v. Insurance Co. of North America, 151 Ala. 191, 44 So. 37; Alexander City Bank v. Home Ins. Co., 214 Ala. 544, 108 So. 369."

Other points raised by the motion are not subject to a ruling on the complaint alone.

Since the fund is on deposit, on the present pleadings defendant would be restricted to the fund as against plaintiff. However, defendant by oral argument presented matters that may change plaintiff's liability; therefore defendant may file a motion, within ten days, to require plaintiff to give a bond.