**NEW AMSTERDAM CASUALTY COM-
PANY and Continental Casualty
Company, Appellants,**

v.

**UNITED STATES of America, for the
Use of CARPENTER PLUMBING
COMPANY, Appellee.**

No. 17932.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1959.

Robert E. Hicks, Atlanta, Ga., William J. Schloth, Columbus, Ga., for appellants.

Albert W. Stubbs, Columbus, Ga., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

RIVES, Chief Judge.

This case is submitted on the appellee's motion to dismiss the appeal and to adjudge damages for delay.

The action was instituted under the Miller Act [1] by Carpenter Plumbing Company, a subcontractor, against Ivey Brothers Construction Company, Inc., the prime contractor, and the two appellants, sureties on its payment bond furnished to the United States for the protection of all persons supplying labor and material in the prosecution of the work provided for in the contract.

In its answer, Ivey Brothers admitted that it was indebted to one or more of three subcontractors—Carpenter, Brown-Wright Hotel Supply Corporation, and Georgia Electric Construction Company —in the aggregate sum of $43,659.32 plus interest, but denied the further liability claimed. The two sureties also admitted a like liability to one or more of said three subcontractors and denied any other liability.

With their answer the sureties filed a counterclaim which they called a motion in the nature of interpleader. They also tendered into court the said sum of $43,-659.32, plus interest, and prayed that Ivey Brothers and the three subcontractors be required to assert their respective claims and that the fund paid into court be disbursed in accordance with the findings of the court. The counterclaim did not allege that the total claims exceeded the amount of the Miller Act payment bond. It did allege that $53,-856.32 was the total remaining balance due the three subcontractors, except for a claim that Ivey Brothers, the prime contractor, has against one or more of the three subcontractors in the amount of $10,197. It further alleged that during the course of construction disputes arose between the prime contractor and the three subcontractors and also among the three subcontractors themselves, as to which of the subcontractors had the responsibility for furnishing certain labor and materials; that those disputes resulted in the prime contractor performing some part of the work which should have been performed by some of the subcontractors, and some of the subcontractors furnishing certain labor and materials which should have been furnished by another of the subcontractors; that the sureties are not able to determine among the three subcontractors and the prime contractor the correct amount to be credited or paid to each; and that the sureties may be exposed to multiple liability unless the court affords them interpleader relief. The district court, upon motion, dismissed the counterclaim or motion in the nature of interpleader filed by the sureties.

The sureties attempt to appeal from that judgment. They present three alternative theories to uphold this Court's jurisdiction of their appeal: (1) that the judgment of dismissal is a final de-

[1]. 40 U.S.C.A. § 270a–§ 270d.

cision appealable under 28 U.S.C.A. § 1291; (2) that the decision falls "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528; or (3) that, if interlocutory, the order in reality refuses an injunction and is appealable under 28 U.S.C.A. § 1292.

(1) At this late date it is not necessary to elaborate upon the importance to sound judicial administration of the historic emphasis on finality as a condition of review in federal appellate procedure.[2] The difficulty arises in ascertaining just what judgments possess the necessary finality.

■ An order requiring certain parties to interplead *and discharging the stakeholder* has been held to be a judgment upon multiple claims under original Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but not appealable in the absence of the "determination" required by that rule.[3] The same result would seem to follow under amended Rule 54(b).[4] On the other hand, *unless the action contains another claim or claims,* a dismissal of an action for interpleader finally terminates the action and no certificate under Rule 54(b) is needed.

In the present case, however, the dismissal of defendant's counterclaim in the nature of interpleader left plaintiffs' claim pending, and hence the dismissal was interlocutory absent a certificate under Rule 54(b).[5]

■ (2) The collateral order doctrine of Cohen v. Beneficial Industrial Loan Corporation, 1949, 337 U.S. 541, 546, 547, 69 S.Ct. 1221, applies to the final disposition of a matter that is not an ingredient of any claim, and has no application to the denial of defendant's counterclaim or motion in the nature of interpleader.[6]

■ (3) The dismissal of the defendant's counterclaim or motion in the nature of interpleader, even if its effect may have been to deny a stay of proceedings on the plaintiffs' claim, clearly did not amount to a denial of injunction against the plaintiffs.[7] While the counterclaim prayed that the court enjoin the prosecution of separate actions which might be brought by one or both of the other subcontractors, defendant did not secure the order required by Rule 13(h) nor the leave required by Rule 14, Federal Rules of Civil Procedure, to bring them in as additional parties. The district court did not in any manner exercise its discretion so as to allow the defendant to make the other subcontractors additional parties.[8] Until that had been done, of course, an injunction could not be granted or denied against them in this

2. See Bostwick v. Brinkerhoff, 1882, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73; Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Catlin v. United States, 1945, 324 U.S. 229, 65 S. Ct. 631, 89 L.Ed. 911.

3. Republic of China v. American Express Co., 2 Cir., 1951, 190 F.2d 334, disapproving the holding in Credit Bureau of San Diego v. Petrasich, 9 Cir., 1938, 97 F.2d 65; compare Fleming v. Phoenix Assur. Co., 5 Cir., 1930, 40 F.2d 38; see also, International Union of Elec. Radio & Mach. Workers, C.I.O. v. United Electrical R. & M. Workers, 6 Cir., 1951, 192 F.2d 847.

4. See 6 Moore's Federal Practice, 2nd ed., Paragraphs 54.34(1), 54.37.

5. 6 Moore's Federal Practice, 2nd ed., Paragraph 54.37, p. 253, n. 3. It seems probable that in Railway Express Agency v. Jones, 7 Cir., 1939, 106 F.2d 341, the question of jurisdiction of the appeal was simply overlooked.

6. See 6 Moore's Federal Practice, Paragraph 54.14.

7. Emery v. Central Trust & Safe Deposit Co., 6 Cir., 1913, 204 F. 965; Marine Midland Trust Co. of New York v. Eybro Corporation, 2 Cir., 1932, 58 F.2d 165, 168, 169; Mottolese v. Preston, 2 Cir., 1949, 172 F.2d 308.

8. See 3 Moore's Federal Practice, 2nd ed., Paragraph 14.05.

case. Upon no theory does this court have jurisdiction of the appeal.

On the other hand, we do not find that the attempt to appeal is frivolous, and we decline to adjudge damages for delay.[9]

Appeal dismissed.

[9. See 28 U.S.C.A. § 1912; Fifth Circuit Rule 30, subd. 2.