UNITED BENEFIT LIFE INSURANCE COMPANY

v.

Blanche R. LEECH

and

Emilio J. Leech.

Civ. A. No. 69-1210.

United States District Court, E. D. Pennsylvania.

May 3, 1971.

William J. Toy, and Walter B. Gibbons, Philadelphia, Pa., for plaintiff.

Bernard J. McLafferty, Norristown, Pa., Harold Rosenthal, Rosenthal & Patti, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

This is a motion for summary judgment brought by the defendant, Blanche R. Leech, who contends that plaintiff's complaint brought under the Federal In-

terpleader Act, 28 U.S.C.A. § 1335 (1962), should be dismissed because the court lacks subject matter jurisdiction. This motion is granted.

The plaintiff, United Benefit Life Insurance Company, admits liability under annuity life insurance policies upon the deceased, James S. Leech, to the extent of $4,124.20. It has brought this interpleader action under 28 U.S.C.A. § 1335 (1962) to avoid multiple actions from the conflicting claims to that sum made by Blanch R. Leech, the deceased's wife, and Emilio J. Leech, the deceased's uncle. The defendant, Blanche R. Leech, claims that the amount due under the policy is $18,886.12, plus interest from July 22, 1966, the date of the annuitant's death. All the defendants are citizens of Pennsylvania and the plaintiff corporation was incorporated under the laws of Nebraska and has its principal place of business there.

The deceased died on July 22, 1966. The defendant, Blanche R. Leech, brought an action in state court on June 16, 1967, against the plaintiff, United Benefit Life Insurance Company, to recover the proceeds of the policies. The plaintiff brought this interpleader action on June 3, 1969, almost two years after the state court action was commenced. On June 27, 1969, this Court, by order of Judge Body, refused plaintiff's motion to stay the state court proceedings.

In the present motion, the defendant, Blanche R. Leech, asserts the following grounds for dismissal of this interpleader action:

(1) This proceeding is contrary to the jurisdictional provisions of 28 U.S.C.A. § 1335 because the defendant claimants are not of diverse citizenship.

(2) This proceeding is contrary to the jurisdictional provisions at 28 U.S.C.A. § 1335 because the plaintiff has failed to deposit $18,886.12 or any amount with the registry of the court.

(3) The court should dismiss this case for laches because plaintiff delayed almost two years from the commencing of the state court action to file the interpleader action in federal court.

■ Section 1335 of 28 U.S.C.A. (1962), enacted in 1948, provides:

"The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more * * * if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court * * *."

In order for the court to have jurisdiction over the subject matter of this interpleader action under Section 1335, two or more of the adverse claimants to the proceeds of the annuity policies must be citizens of different states. MFA Mutual Insurance Co. v. Lusby, 295 F. Supp. 660, 664 (W.D.Va.1969). "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1966) (See cases cited at p. 530, n. 5, 87 S.Ct. 1199). However, in the absence of *any* diversity of citizenship among the claimants, this court is without jurisdiction under Section 1335. The diverse citizenship of the stakeholder is immaterial. Treinies v. Sunshine Min-

**600**

ing Co., 308 U.S. 66, 60 S.Ct. 44, 84 L. Ed. 85 (1939). See Wright on Federal Courts § 74 (2nd ed. 1970). Thus the plaintiff, Mutual Benefit Life Insurance Co., cannot proceed under the Federal Interpleader Act because all of the claimants in this action are citizens of Pennsylvania and thus there is no diversity of citizenship among the claimants.

The question remains, however, whether this court has jurisdiction of this interpleader action under Rule 22 of the Federal Rules of Civil Procedure [1] which is governed by 28 U.S.C.A. § 1332 (1966). There is sufficient diversity for jurisdiction under Section 1332 where, as here, there is diversity of citizenship between the stakeholder and the claimants. Brisacher v. Tracy-Collins Trust Company, 277 F.2d 519, 525 (10th Cir. 1960), *citing* John Hancock Mutual Life Ins. Co. v. Kraft, 200 F.2d 952 (2nd Cir. 1953); Kerrigan's Estate v. Joseph E. Seagram & Sons, 199 F.2d 694 (3rd Cir. 1952). However, Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs \* \* \*." The determination of whether the jurisdictional amount is present is generally controlled by the sum claimed by the plaintiff. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938), *cited* in Jamison v. Pennsylvania Power Co., 172 F.Supp. 563, 564 (W.D. Pa.1959). See Wright on Federal Courts, § 33 (2nd ed. 1970).

■ In interpleader actions under Rule 22, the matter in controversy is measured by the fund to be distributed as stated by the plaintiff. Pan American Fire & Casualty Co. v. Revere, 188 F. Supp. 474, 476 n. 4 (E.D.La.1960), *citing* Massachusetts Bonding & Ins. Co. v. City of St. Louis, 109 F.Supp. 137 (E.D. Mo.1952); *cited* in Wright on Federal Courts, § 74, p. 325 n. 32 (2nd ed. 1970). Since the plaintiff, United Benefit Life Insurance Company, has alleged that it owes only $4,124.20, this court does not have jurisdiction over the subject matter of this interpleader action under Section 1332.

Since the defendant's contention of lack of jurisdiction disposes of this case, it is not necessary for this court to rule on his remaining two allegations that the plaintiff failed to deposit the contested amount with the court and that he was guilty of laches. However, a discussion of these points would be valuable.

■ It should be noted that the stakeholder's contesting liability, completely or partially, will not defeat an interpleader action under Rule 22 (See note 1, *supra*) or under Section 1335. MFA Mutual Insurance Co. v. Lusby, 295 F. Supp. 660, 664 (W.D.Va.1969); See John Hancock Mut. Life Ins. Co. v. Yarrow, 95 F.Supp. 185 (E.D.Pa.1951). However, where the stakeholder disputes the amount owed, for the court to have jurisdiction under Section 1335, the plaintiff must deposit the fund subject to the vexatious claims with the Registry of the court. The amount deposited must equal the highest amount claimed

1. Federal Rule of Civil Procedure concerning interpleader claims provides: (1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title 28, U.S.C. §§ 1335, 1397, and 2361. Actions under those provisions shall be conducted in accordance with these rules. As amended Dec. 29, 1948, effective Oct. 20, 1949.

by the defendants; however, the plaintiff would only be admitting liability by the interpleader claim to the amount designated by him. Metal Transport Corp. v. Pacific Venture Steam Corp., 288 F.2d 363, 365 (2nd Cir. 1961); Westinghouse Elec. Corp. v. United Electrical Radio and Machine Workers, 194 F.2d 770, 772 (3rd Cir. 1952), *citing* John Hancock Mutual Life Ins. Co. v. Yarrow, 95 F.Supp. 185, 187–188 (E.D. Pa.1951).

■ Since plaintiff might seek to amend the complaint to the total claimed sum of $18,886.12 and dispute liability to all but the admitted $4,124.20 due, it is appropriate to indicate that both proceedings per Section 1335 and per Rule 22 are equitable in nature. Holcomb v. Aetna Life Ins. Co., 228 F.2d 75 (10th Cir. 1955), cert. denied 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853 (1956); MFA Mutual Insurance Co. v. Lusby, 295 F.Supp. 660, 663 (W.D.Va.1969). Thus, if laches were shown by a delay in filing an action of interpleader which prejudiced the defendants, the district court could deny the proceeding despite the general policy of liberally granting interpleader actions. E. g. Illinois Bankers Life Assur. Co. v. Blood, 69 F.Supp. 705 (N.D.Ill.1947). Dismissal for plaintiff's laches by a district court would be particularly appropriate where a state court proceeding was commenced two years prior to filing the interpleader action in federal court and where the plaintiff could interplead any defendant in the state action who might cause multiple vexation. In addition some district courts have declined to assume jurisdiction in interpleader actions where the state court had already assumed jurisdiction over the case and the interpleader in federal court rested on diversity alone and the substantive rights of the parties would be controlled by state law, provided, however, that substantial equitable considerations did not appear to dictate a contrary result. Preston Corporation v. Raese, 236 F.Supp. 135, 142 (N.D.W.Va.1964), affirmed, Kelly v. Raese, 377 F.2d 263 (4th Cir. 1967);

cert. denied 389 U.S. 931, 88 S.Ct. 294, 19 L.Ed.2d 283 (1967). Such a disposition is consistent with the policy of the federal courts not to unnecessarily interfere with orderly judicial process in state courts. *Id.*

Defendant's motion for summary judgment is granted and this action will be dismissed for lack of jurisdiction.