BENJAMIN ZANZ v. ELIAS S. STOVER ET AL.

*January 23, 1880.*

TRIAL BY COURT. (1) *Finding not reviewable.*
GARNISHMENT. (2) *Pleadings in.*
SAME. (3) *Sworn answer: Pleadings.*
GARNISHMENT. (4) *Case stated.*

1. Where a jury is waived and a trial had before the court, so far as its decision of questions of fact is concerned, its verdict will not be set aside, nor the judgment founded thereupon reversed, where there is any evidence whatever on which its finding of fact could have been based.

2. In a proceeding of garnishment the allegations, answers and denials are to be regarded and treated simply as pleadings. The allegations stand in place of the ordinary complaint or declaration; the answers in place of the ordinary answer or plea; the denial in place of the ordinary reply.

3. The answer of the garnishee, although sworn to by him, is not evidence; neither is any other pleading in garnishment.

4. The allegations of the plaintiff in a proceeding of garnishment stated that the garnishees were indebted to the judgment debtor for work, labor and services, in the sum of $700 or some other sum. The answers stated that the garnishees composed a firm, that the judgment debtor had performed work, labor and services in their store, that he had performed such work for about twelve months, and that they had not paid him anything for such work. Upon the trial the plaintiff introduced evidence of the services rendered by the principal debtor and of their value, and rested. The garnishees introduced no evidence at all.

*Held,* that there was no evidence on which a jury, or a judge sitting in place of a jury, could find for the garnishees, and that a judgment in their favor under such circumstances, is erroneous

Benjamin Zanz, the plaintiff and appellant herein, on the second day of October, 1877, recovered judgment in the dis-

trict court for the county of Bernalillo against William E. Talbott for the sum of $54.50 damages and $13.22 costs, on the fourth day of the same month, execution having been issued on said judgment, the defendants herein, Stover *et al.*, were summoned as garnishees of said Talbott, he being then working for them as clerk in and about their store and business in Albuquerque. At the return term of said writ of execution, being the May term, 1878, of said court, allegations and interrogatories were propounded by the plaintiff to the defendants, Stover *et al.*, who filed their answer thereto at the October term, 1878, of said court. By consent of parties, the trial by jury was waived, and the case was tried by the court on the law and facts.

In answer to plaintiff's interrogatories, the defendants admitted that Talbott, the execution debtor, had worked for them twelve months as clerk in and about their store and business, that they were paying nothing for his work, that they had never paid anything for said twelve months' work, and that they owed nothing for said twelve months' work.

Plaintiff denied the garnishees' answer that they owed Talbott nothing, and were not indebted for the value of said labor, and issue was joined between the plaintiff and defendants, Stover *et al.* Plaintiff thereupon proved the value of said work to be $50 per month, and the defendants introduced no evidence whatever. Judgment was rendered by the court for the defendants, whereupon the plaintiff appealed to this court.

*C. H. Gildersleeve* and *F. B. Catron* for the appellant:

By Law of Dec. 31st, 1873, Session Laws of 1873–4, page 38, "Notice of garnishment shall have the effect of attaching all personal property, money, rights, credits * * * or other choses in action, due or to become due from the garnishee to the defendant * * * or charge, or under his control at the time of the service of the garnishment or which may come into his possession or charge, or

under his control, of, for or on account of which he may become indebted to the defendant between that time (service of notice of garnishment) and the time of filing his answer.

The only conclusion to be drawn from the defendants' answers, which are evasive and not explanatory, is that Talbott worked for them twelve mouths for nothing. This creates a presumption of collusion and fraud between them, a debtor cannot defraud his creditors out of the proceeds of his skill and labor by working gratis; his creditors are entitled to the fruits of his labors; and Talbott himself could have compelled the defendants to pay the value thereof: Bump on Fraudulent Conveyances, pages 270, 271; *Preston v. Campbell*, 9 Ala., 934; *Allen's Adm'x v. Richmond College*, 41 Mo., 302; *Waddingham v. Loker*, 44 Mo., 132.

As defendants accepted the clerk's services for twelve months in and about their store and business, there arises a presumption of contract between them that the services so rendered should be paid for: Parsons on Contracts, vol. 1, page 445, and notes; *vide* vol. 2, page 46, and notes; *James v. Bixby*, 11 Mass., 34.

The plaintiff as against the garnishee occupies the same position as the execution debtor, and the garnishee stands in precisely the position he would occupy if the defendant had sued him: Drake on Attachment, secs. 452, 461, 463; a fair construction of sec. 19, Comp. Laws N. M., page 214, would lead to same conclusion.

The garnishee must answer fully and distinctly, and clearly explain the relations between himself and the debtor, for an evasive answer will be construed more strongly against him: Drake on Attachment, secs. 629, 630, 633 and notes 634–656a, 659, 672; *Bebb v. Preston*, 1 Iowa, 469; *Ormsbee v. Davis*, 5 R. I., 442; *Crain v. Gold*, 46 Ill., 293; *Kelley v. Bowen*, 12 Pick., 383; *Cleveland v. Clapp*, 5 Mass., 205; *Scott v. Ray*, 35 Mass., 361.

The garnishees' answer is not conclusive, or true and suffi-

cient under the laws of New Mexico, if denied: Comp. Laws N. M., sec. 19, page 214, and is never conclusive unless made so by statute, and is not evidence in his own favor even: Drake on Attachment, sec. 654; *Smith v. Hendricks,* 39 Mo., 164; *Keep v. Sanderson,* 12 Wis., 363.

When from all the facts no other reasonable conclusion can arise but that the garnishee owes the execution debtor, he will be held, even though he denies any indebtedness: 40 Pa. State, 248; *Maime v. Buford,* 3 Ala., 312; *Bebb v. Preston,* 1 Iowa, 469.

The confession in the garnishees' answer that Talbott worked for them twelve months without their having paid anything for said work, together with the proof by plaintiff that the value of said work was $50 per month during said time, is sufficient to make out a *prima facie* case for the plaintiff, which the defendants should have rebutted on the trial; they must show enough to discharge themselves: *McCoy v. William,* 1 Gilm. (Ill.), 591.

*Breeden & Hazledine,* for appellees.

The judgment of the court below was correct, and should not be disturbed.

The answer of defendants garnishees is explicit and in nowise evasive. They answer directly and unequivocally every interrogatory propounded to them. If there is a failure to get out all the facts, it is because the interrogatories of the plaintiff are defective, and not of a character to require explanation and detail from the defendants.

In order to recover against the garnishees, it was for the plaintiff to state affirmatively that the defendant garnishees were indebted to the judgment debtor Talbott, or had his property in their possession.

Indebtedness or liability of the garnishee will not be presumed: Drake on Attachment, sec. 461; 33 Iowa, 210.

The answer of the garnishees is to be taken as true, and it was for the appellant to disprove the same: Drake on

Attachment, sec. 651; *Kegin v. Dawson*, 1 Gilm., 86; *McKey v. William*, 1 Gilm., 584; 14 Ill., 342; 27 Ill., 352; 52 Ill., 222.

No evidence was offered tending even to disprove the answer of the garnishees, and it does not show an indebtedness so far as appears from the answer (which is a full and explicit reply to the interrogatories). The judgment debtor Talbott may have been working out a prior indebtedness, or on account of a trust, or on an agreement with the garnishees to support and provide for his family, or he may have been a partner with the garnishees, general or special. Either hypothesis is consistent with the answer and the evidence, and in neither case would the garnishees be liable: Drake on Attachments, secs. 454 and 457.

When there remains a reasonable doubt of the garnishee's indebtedness, he is entitled to be discharged: *Morse v. Marshall*, 22 Iowa, 290; Drake on Attachment, sec. 659, subd. 7.

The finding in the case was equivalent to the verdict of a jury—a jury having been waived and the case tried by the court.

The answer of the garnishees was properly before the court at the trial, and it was for the court (as for a jury, if one had been called) to give it such weight as it deemed it to be entitled to: *Schwab v. Gingerik*, 13 Iowa, 697.

The case having been fairly tried and determined, there being facts before the court to justify a finding for the defendants, it was for the court which tried the case to decide upon the weight of the evidence, and this court will not disturb the finding.

PRINCE, Chief Justice: This is a case of garnishment, under the territorial statute.

·The material facts are as follows: The plaintiff Zanz recovered judgment in the district court held in Bernalillo county, in October, 1877, against one William E. Talbott.

Execution was issued, which was afterwards returned unsatisfied, and on October 4th, 1877, Elias S. Stover and Almaron M. Coddington were summoned as garnishees. At the May term of 1878, being the return term of the writ, written allegations and interrogatories were exhibited by the plaintiff, in pursuance of the statute, which the garnishees failed to answer, and their default was taken at the next term, October 9th, 1878. This default was subsequently opened, and Stover filed answers to the interrogatories during the same term, on October 14, Coddington not having answered. Judgment by default was taken against him on October 15th, and on the same day the plaintiff filed a denial of portions of the answers of the garnishee Stover, and issue was thereupon joined.

The case came on for trial on the issues so made upon the 19th day of October, whereupon the parties agreed to waive a trial by jury and try the same before the court. The plaintiff introduced the record of judgment in Zanz against Talbott, the execution issued thereon, and the summons to the garnishees, with proof of service. He called one witness, John A. Hill, who testified that he had been a clerk for the garnishees for seven months past in their store at Albuquerque ; that Talbott had been working for them from Oct. 4th, 1877, down to the present time, clerking, and doing other work for them in and about the store and business, and that, to the best of his knowledge and belief, said work was worth $50 per month.

This was all the evidence introduced on said trial, the defendants not introducing any whatever. The court gave judgment for the defendants, to which the plaintiff excepted and appealed to this court.

The court having acted in this case as a jury, so far as its decision on questions of fact was concerned, its verdict should not be set aside, nor the judgment thereon reversed, in a

Zanz v. Stover.

case where there is any evidence whatever, on which it could be based.

In the case before us, no evidence at all was produced on the part of the defendants, and the plaintiff introduced sufficient to make out his case *primâ facie.* To sustain the decision in their favor under these circumstances, counsel for defendants have argued that " the answer of the garnishee is to be taken as true, and 'it was for the plaintiff to disprove the same," and further say that " the answer of the garnishee was properly before the court at the trial, and it was for the court (as for a jury, if one had been called), to give it such weight as it deemed it entitled to."

These arguments are based on the idea that the answers of the garnishee to the allegations and interrogatories of the plaintiffs are evidence in the case. But there is nothing in the law of this territory to sustain such a view.

It is clear from a reading of the statutes that, however the law may be in other states and territories, here the allegations, answers and denials are to be regarded and treated simply as pleadings. The proceedings are distinctly set forth on page 214 of the Compiled Laws (General Laws, 139).

" The plaintiff may exhibit in the cause written allegations and interrogatories touching the property, effects and credits attached in the hands of any garnishee.

" The garnishee shall file his answer thereto on oath.

" The plaintiff may deny the answers of the garnishee in whole or in part, and the issue shall be tried as ordinary issues between plaintiffs and defendants."

This seems so plain as to require no argument to show that the various papers filed are to be regarded as ordinary pleadings. The allegations stand in place of the ordinary complaint or declaration; the answers in place of the ordinary answer or plea; the denial in place of the ordinary

reply, and the issue thus framed "shall be tried as ordinary issues between plaintiffs and defendants."

All the incidental proceedings tend to the same conclusion.

"In default of an answer by the garnishee to the interrogatories propounded, the plaintiff may take judgment by default against him." (Sec. 17.)

"If the answer of the garnishee be not excepted to or denied, it shall be taken to be true." (Sec. 19.)

It seems, then, that the allegations, answers and denials are to be considered and treated as pleadings in ordinary actions; and it only remains, therefore, to inquire how the particular case before us is affected by this principle. The allegations state that the garnishees are indebted to the judgment debtor for work, labor and services in the sum of $700, or some other sum.

The answers are partially denied and partially not. The part thereof not denied, and therefore standing as confessedly true, is embraced in the answers to the 1st, 3d, 4th and 7th interrogatories, and is to the effect that (1st.) The garnishees compose the firm of Stover & Co. (3d.) Talbott has performed work, labor and services in the garnishees' store at Albuquerque. (4.) He has performed such work continuously since October 4th, 1877, being twelve months. (7.) The garnishees have not paid anything for such work since October 4th, 1877.

The case, therefore, comes up as one in which a plaintiff in his complaint alleges that a defendant owed him a sum of money for services, and the defendant, in his answer, alleges that the plaintiff has worked for him for twelve months, and that he has paid him nothing. Thereupon, the plaintiff introduces evidence of his services and their value, and rests; the defendant introduces no evidence at all.

In such a case there would be no evidence on which a jury

could find for the defendant, and, consequently, none on which' a judge sitting in place of a jury could so find.

Under the provision of the statute (Sec. 19), that the answers of the garnishee, if not excepted to or denied, shall be taken to be true, we may consider that any part of such answers not so excepted to or denied, should be considered as true; in other words, such undenied parts of the answers are equivalent to evidence in the case; and if there had been in the undenied portions of the answers in this proceeding any statements which, if they had been regularly in evidence, could have justified a verdict or decision for the defendant, the .decision and judgment herein should be sustained, but as no such statements appear, it is not possible so to sustain them.

The judgment must be reversed, and the case remanded to the district court of the second district for a new trial.