## WILLIAM A. HANAFORD *vs.* CHRISTOPHER A. HAWKINS.

The rule which obtains in Rhode Island that when a garnishee has notice of an assignment of a fund before he is charged he is not chargeable, applies only to cases where the fact of an assignment is admitted.

The mere fact of such notice is not sufficient to discharge him.

In a case of conflicting claims to property attached by garnishment process, the garnishee is a stake-holder who, after a full disclosure, should be protected from a double liability ; but if the attached property may belong to the defendant, the plaintiff should not be deprived of the benefit of his attachment until it appears that it is not the defendant's property. Hence, where the fact or good faith of an assignment of the attached property is questioned, it is necessary for the claimant to be made a party to the suit.

Under Pub. Stat. R. I. cap. 204, § 34, which provides that the court may order any person to be made a party to any action and to be summoned in to answer thereto, the court may order the claimant of property attached by garnishment to be made a party to the action in which the garnishment was made and to be summoned in to answer thereto, so that an incidental or collateral "matter in controversy," to wit, the attached property, "may be properly dealt with" by the court.

*Semble,* that the court has such power independently of the statute.

In a suit where garnishment had been made, the affidavit of the garnishees set forth that at the time of the service of the writ upon them, they had in their hands a sum of money, the net proceeds of a judgment collected by them in favor of the defendant, provided no legal effect should be given to the fact that they had received a letter from one J. A. H. prior to the garnishment stating that he had purchased said judgment ; but if the fact stated in the letter was true, and the right to the fund in consequence thereof was transferred to said J. A. H., then they had no funds of the defendant in their hands at the time of the attachment. They further stated that they knew nothing of the truth of the alleged fact of an assignment of the judgment. J. A. H. did not make himself a party to the action as he might have done under Pub. Laws R. I. cap. 433, § 1, nor did the plaintiff ask to have him summoned in. The Court of Common Pleas discharged the garnishees.

*Held,* that the question of the garnishees' liability was not ripe for judgment, and that the discharge was premature.

*Query,* whether the plaintiff was not in fault in not asking to have the claimant summoned in ; but

*Held,* further, that as the question as to the mode of procedure is new, and there will be no injustice to the parties, a new trial should be granted.

Where one holds a promissory note, bank check, or *chose in action,* belonging to

a defendant, he cannot, in general, be charged for the same as garnishee ; but
if he holds and treats the same as cash so that a debt is absolutely due from
him to a defendant on account thereof, he should be charged as garnishee.
In such case the question is one of fact.

EXCEPTIONS to the Court of Common Pleas for Kent
county.

*December* 21, 1893.    STINESS, J.    The garnishees made an
affidavit setting forth that at the time of the service of the
writ upon them, for the purpose of attaching the personal
estate of the defendant in their hands, they had such per-
sonal estate to the amount of two hundred and thirty-three
dollars, the net proceeds of a judgment collected by them in
favor of said defendant ; provided no. legal effect should be
given to the fact that they had received a letter from John
A. Hawkins, prior to this garnishment, stating that he had
purchased said judgment ; but if the fact stated in said letter
was true and the right to the fund, in consequence thereof,
was transferred to said John A. Hawkins, then they had no
funds of the defendant in their hands at the time of the at-
tachment.    They further stated that they knew nothing of
the truth of the alleged fact of an assignment of the judg-
ment.    The Court of Common Pleas discharged the garni-
shees, and exceptions were taken.

In a case of conflicting claims a garnishee is a stakeholder,
who, after a full disclosure, should be protected from a
double liability.    But, upon the other hand, if he has a fund
which may belong to the defendant, the plaintiff should not
be deprived of the benefit of the attachment until it appears
that it is not the defendant's property.    The rule in this
state is that if the garnishee has notice of an assignment of a
fund, before he is charged, so that he may make the fact
known to the court, he is not chargeable.    The converse of
this rule is that if he has no such notice he may be charged.
See *Noble* v. *Smith*, 6 R. I. 446 ; *Northam* v. *Cartright*, 10
R. I. 19 ; *Tracy* v. *McGarty*, 12 R. I. 168 ; *Tiernay* v. *Mc-
Garity*, 14 R. I. 231 ; *Lee* v. *Robinson*, 15 R. I. 369.    In
these cases, it is to be noticed, no question was made of the
fact of an assignment.    If this fact be admitted there is no

33

occasion for the assignee to appear to protect his interest. But where the fact or good faith of the assignment of the fund is questioned, it is evidently necessary for the claimant to be made a party to the suit in order to protect the garnishee. The mere fact of a notice ought not to discharge him, for, by the device of false notices, dishonest debtors might evade valid garnishments of their funds. The claimant under an honest assignment is the one who is chiefly interested to prove it. Hence, it was provided in Pub. Laws, cap. 433, § 1,[1] that any person claiming property attached on trustee process may of his own motion become a party to the action, so far as respects the title to such property. The case before us, however, is one where the claimant does not choose to become a party, but stands simply on the notice given. While this is a circumstance which may well arouse suspicion as to the good faith of the transaction, it would not be safe in all cases, after notice of the assignment, to charge the garnishee upon the claimant's default; for the claimant may not know of the attachment. If he should be notified by the garnishee to prove his claim, and should fail to do so, whereupon the garnishee should be charged, doubtless he would be estopped to prosecute his claim against the garnishee thereafter. But, even in this case, the notice would not be in the form of the process of the court, and possibly not a part of the record. The ownership of the fund is a question to be determined, as much as in a bill of interpleader; and the court cannot be left in a position where it is unable to deal with it according to the fact; or else it must deal with it at the peril of doing injustice to one of the parties before it. Accordingly, it was held in *Chesapeake & Ohio R. R.* v. *Paine,* 29 Gratt. 502, that the court should require the claimant to appear to state and maintain his claim.

Without resorting to this power of the court, which we see no reason to question, we think Pub. Stat. R. I. cap. 204, § 34,[2] is sufficiently broad to enable our courts to deal properly with a case of this kind. That section provides that

---

[1] Printed in 16 R. I. p. 724.        [2] Printed in 16 R. I. p. 582.

the court may order any person to be made a party to any action, and to be summoned in to answer thereto. The provision is comprehensive. Evidently it is not to be restricted simply to parties defendant to the cause of action, for, in section 32[1] of the same chapter, the court is empowered, in definite terms, to "order other parties to the contract or specialty to be made *defendants* and to be summoned in to answer such action or suit." The phrase used in Pub. Laws, cap. 433, relating to claimants, is the same that is used in this section 34, viz., "party to the action." This use of terms points to the conclusion that the statute was not intended to include only parties to the cause of action, but to include, as well, those who may be interested in the judgment of the court upon incidental or collateral "matters in controversy," an example of which is found in the case before us. In this view the question of the garnishees could be "properly dealt with" by making the claimant a party to the action and could not be "properly dealt with," without him. We are therefore of opinion that the question of the garnishees' liability, in this case, was not ripe for judgment and that the discharge was premature. Possibly the plaintiff was in fault in not asking to have the claimant summoned in; but as the legality of this mode of procedure has not before been raised, and there will be no injustice to the parties, we do not think he should be deprived of his remedy.

A second garnishment was made at the same time that the garnishees received a check in settlement of an execution in favor of this defendant, and before they had presented it for payment. The general rule is that where one holds a promissory note, bank check, or *chose in action*, belonging to a defendant, he cannot be charged for the same on trustee process; because these are not money and may never be paid. But if a check or note be held and treated as cash, so that a debt is absolutely due from a trustee to a defendant on account thereof, whether the note or check be good or not, the garnishee should be charged. *Hancock* v. *Colyer*, 99 Mass.

---

[1] Printed in 17 R. I. p. 450.

187. This is a question of fact, and, so far as the facts are disclosed in the record, the refusal of the court to charge the garnishees upon this check was correct. For the reasons stated upon the first exception a new trial is granted.

*Samuel W. K. Allen*, for plaintiff.

*Stephen A. Cooke & Louis L. Angell*, for defendant.