738 P.2d 922

**JEMKO, INC., a New Mexico Corporation, Plaintiff-Appellee,**

v.

**Abdolkarim LIAGHAT, Robert D. Davis, and Larry W. Davis, Defendants,**

v.

**Randal D. DAVIS, Garnishee-Appellant,**

and

**Davis, Davis & Davis, a Partnership, Garnishee.**

No. 8850.

Court of Appeals of New Mexico.

May 14, 1987.

Douglas G. Voegler, Marchiondo & Berry, P.A., Albuquerque, for garnishee-appellant.

Martin E. Threet, Robert G. Kavanagh, Threet & King, Albuquerque, for plaintiff-appellee.

## OPINION

DONNELLY, Chief Judge.

The garnishee Randal D. Davis appeals from a judgment entered on behalf of Jemko, Inc. (Jemko) authorizing garnishment of a promissory note executed by garnishee in favor of defendant Robert D. Davis and Sherron Davis, his wife. Sherron Davis was not a party to any of the proceedings that resulted in the garnishment judgment. Three issues are presented on appeal: (1) whether the trial court lacked jurisdiction to enter the order of garnishment; (2) whether garnishment of a debt evidenced by a non-negotiable note may properly issue; and (3) claim of error as to attorney's fees. We affirm in part and reverse in part.

The events giving rise to this action had their genesis in a real estate transaction. Following a bench trial, the court entered judgment in favor of Jemko for $343,883.55 plus interest. We affirmed the judgment by memorandum opinion as against Robert Davis and Abdolkarim Liaghat, but reversed as to Larry Davis. *See Jemko, Inc. v. Liaghat,* Memorandum Opinion, No. 8226 (Filed January 29, 1987).

Following entry of the judgment against the defendants, on December 11, 1984, Jemko obtained a writ of garnishment against garnishee Randal Davis. In his answer to the writ of garnishment, Randal Davis stated that he,

owes Robert D. Davis [a judgment debtor] the sum of $95,000.00, pursuant to a non-negotiable note. The payments on these notes [sic] are as follows: The next payment is due September 28, 1985, in the amount of $9,500.00 with similar annual payments until October 28, 1988,

when said note shall be paid off at the rate of $908.77 monthly.

After a hearing, the trial court entered a judgment finding that there was due and owing $95,000.00 payable under the promissory note executed by garnishee to defendant Robert Davis, and Sherron Davis, his wife, and that the monies due on the note were subject to garnishment. The trial court ordered that:

> Garnishee Randal D. Davis shall pay, according to the terms of the * * * Promissory Note, any and all payments, as they become due, directly to Plaintiff JEMKO, INC., until · either the full amount due under the said· Note, together with the accrued interest thereon, is paid to JEMKO, INC., or the Judgment herein entered against Defendant Robert D. Davis is otherwise satisfied[.]

Additionally, Jemko was awarded attorney's fees in the amount of ten percent of the amount of each payment paid pursuant to the terms of the note.

## I. ISSUE AS TO JURISDICTION

The garnishee, Randal Davis, contends that the judgment of garnishment entered by the trial court against him is void because the judgment obtained by Jemko only applied to the named defendants, including Robert Davis, and not against Sherron Davis, the wife of Robert Davis. Garnishee asserts that the promissory note executed by him was payable to both Robert Davis and Sherron Davis, as husband and wife, and that the garnishment proceedings were void for failure to join an indispensable party.

◼ Garnishee contends that absent joinder of an indispensable party, a lawsuit is inherently defective, *State v. Hastings,* 79 N.M. 338, 443 P.2d 508 (Ct.App.1968), and that failure to join an indispensable party deprives the court of jurisdiction. *Holguin v. Elephant Butte Irrigation Dist.,* 91 N.M. 398, 575 P.2d 88 (1977); *cf. Sellman v. Haddock,* 62 N.M. 391, 310 P.2d 1045 (1957); *see also* SCRA ˙1986, 1–012(B)(7). An indispensable party is one whose interests will necessarily be affected by the judgment so that complete and final justice

cannot be done between the parties without affecting those rights. *American Gen. Companies v. Jaramillo,* 88 N.M. 182, 538 P.2d 1204 (Ct.App.1975).

Garnishment proceedings are a statutory remedy which are controlled by statute. NMSA 1978, §§ 35–12–1 to –19 (Orig.Pamp. & Cum.Supp.1986). *See also Joe v. Marcum,* 621 F.2d 358 (10th Cir.1980); *Farmers Ins. Exch. v. Ledesma,* 214 F.2d 495 (10th Cir.1954). A garnishment action is a form of attachment. *Mendoza v. Acme Transfer & Storage Co.,* 66 N.M. 32, 340 P.2d 1080 (1959). In New Mexico, Section 35–12–19 expressly invests district courts with jurisdiction to issue writs of garnishment relating to matters pending in their courts in accordance with Sections 35–12–1 to –18. *See also* SCRA 1986, 1–065.1.

Since the judgment of the trial court in the garnishment proceeding indicated that garnishee was indebted on a promissory note to Robert Davis and Sherron Davis, as husband and wife, was the wife required to be joined as a party to the garnishment of the proceeds payable under the note? This question presents an issue of first impression in this jurisdiction.

◼ A judgment creditor acting under a writ of garnishment, after due notice to interested parties, can only seize the property that belongs to the judgment debtor. *See Dailey v. Walden,* 7 Kan.App.2d 712, 648 P.2d 258 (1982) (garnishment of joint tenancy property severs joint tenancy and garnishor can seize only property belonging to judgment debtor, assuming compliance with due process requirements of notice); *Yakima Adjustment Serv., Inc. v. Durand,* 28 Wash.App. 180, 622 P.2d 408 (1981); *see generally* Annotation, *Joint Bank Account As Subject To Attachment, Garnishment, or Execution By Creditor of One of the Joint Depositors,* 11 A.L. R.3d 1465 at 1469 (1967).

◼ Although the answer of the garnishee is not conclusive upon the court issuing the garnishment as to the true ownership of the funds sought to be garnished, *see Young v. Nicholson,* 107 F.2d 177 (D.C. Cir.1939); *Zanz v. Stover,* 2 N.M. 29 (1880),

where it appears that a third party who is not a judgment debtor has or claims an interest in the funds sought to be garnished, it is generally held that the rights of the third-party claimant cannot be adjudicated unless he is a party to the proceeding. *Jetco, Inc. v. Bank of Virginia,* 209 Va. 482, 165 S.E.2d 276 (1969); *see also Perry v. Heflin,* 202 Ga. 143, 42 S.E.2d 378 (1947); *Maury v. Toledo Logging Co.,* 163 Wash. 563, 1 P.2d 896 (1931). Generally, a judgment creditor cannot by garnishment reach a debt due jointly to the defendant and a third person who has not been made a party to the garnishment proceeding. *Kingsberry Mortgage Co. v. Ellis,* 118 Ga. App. 755, 165 S.E.2d 604 (1968). Consistent with this rule, our courts have held that a party claiming an interest in the subject matter of the garnishment should, upon timely application, be permitted to intervene in the garnishment. *Joyce-Pruit Co. v. Meadows,* 31 N.M. 336, 244 P. 889 (1925) (held insured whose claims paid by insurer not an indispensable party); § 35–12–5(B).

In *Jetco, Inc. v. Bank of Virginia,* the bank obtained a judgment against William Barton and obtained a writ of garnishment which was served on Jetco, Inc., the defendant, and an endorser. Defendant's wife was not joined as a party to the garnishment proceeding. *Jetco, Inc.* filed an answer stating that it owed monies on a promissory note originally payable to defendant but which defendant had assigned to his wife. The trial court held that the sums payable under the note were subject to garnishment by the plaintiff. On appeal, the supreme court reversed the judgment and remanded for a new trial, holding that determination of the validity of the assignment was vital to Jetco, Inc., as the maker of the note, and to the endorser in order that they might be protected against double liability thereon and that this issue should have been settled before the court could properly determine what judgment should be entered in the garnishment proceeding. The court further held that:

It is well settled that a court may not adjudicate the rights of one who is not a party to the proceedings. 11 Mich. Jurisp., Judgments and Decrees § 19, p. 44.

Consequently, in a garnishment proceeding it is generally held that the rights of a third party claimant to the fund sought to be garnished cannot be adjudicated unless he is a party to that proceeding. *Metz Mfg. Co. v. Holbeck,* 247 Mich. 241, 225 N.W. 536, 537, 538 (1929); *Foshee v. Board of Education,* 236 Ala. 457, 183 So. 441, 442 (1938); *Hanaford v. Hawkins,* 18 R.I. 432, 28 A. 605 (1893); *Airey & Strouse v. Hoke,* 164 La. 998, 115 So. 60, 62 (1927); 6 Am. Jur.2d, Attachment and Garnishment § 572, p. 966; 38 C.J.S. Garnishment § 276, pp. 550, 551.

209 Va. at 486, 165 S.E.2d at 279.

■ The court issuing the garnishment may determine any controversy between the parties when it can be done without prejudice to the rights of others, but when a complete determination cannot be had as to the rights of third parties in the res without the presence, the trial court should cause them to be joined in the action. *See Eastham v. Public Employees' Retirement Ass'n Bd.,* 89 N.M. 399, 553 P.2d 679 (1976); *cf. American Gen. Companies v. Jaramillo,*

Plaintiff contends, inter alia, that the judgment entered against Robert Davis is a community debt because the underlying tort actually or potentially benefited the community. *See Delph v. Potomac Ins. Co.,* 95 N.M. 257, 620 P.2d 1282 (1980). Plaintiff accordingly asserts that the entire community was not indispensable to the action and that once the debt to the community was before the court through the garnishee, jurisdiction was acquired to effect the garnishment.

In *Central Adjustment Bureau, Inc. v. Thevenet,* 101 N.M. 612, 686 P.2d 954 (1984), our supreme court held that where a wife's separate property was insufficient to satisfy her separate debt, the creditor of that debt could obtain a judgment of garnishment against her husband's employer, garnishing that portion of her husband's wages representing the wife's community property interest in her spouse's non-exempt income under NMSA 1978, Section 35–12–7 (Cum.Supp.1983). In rejecting the husband's contention that the garnishment

statute unlawfully allowed seizure of not only the judgment debtor's property but also that of a third person, the court found that the wife had a legally recognizable community interest in one-half of the husband's income; that the garnishment of one-half of twenty-five percent of husband's disposable income effected only the judgment debtor's property; and that the husband therefore lacked standing to argue deprivation of property without adequate due process of law. *Cf. State ex rel. Reynolds v. Allman*, 78 N.M. 1, 427 P.2d 886 (1967) (due process entitles all who may be bound or affected by a decree to notice and hearing so that they may have their day in court).

In contrast, however, to the result reached in *Central Adjustment Bureau, Inc.*, the trial court in the present case did not enter a finding that the funds sought to be garnished were community property in which the judgment debtor-spouse had a clearly recognizable legal interest. Similarly, no finding was made concerning the date of the marriage of Robert Davis and Sherron Davis, whether they are still married, the date the note was executed, or whether the debt which is the subject of the garnishment was a judgment against Robert Davis. *See* NMSA 1978, §§ 40–3–10, –11 (Repl.1986).

Garnishment is an ancillary proceeding and not an original civil suit. *Joe v. Marcum; Mayo v. George*, 31 N.M. 593, 248 P. 885 (1926). Hence, where it becomes apparent in a garnishment proceeding that the property rights of persons who are not parties to the proceedings may be affected, the remedy is to have them joined. *Cf. Eastham v. Public Employees' Retirement Ass'n Bd.*

We therefore remand the cause in order that the trial court may expressly determine whether the promissory note is a community asset. The court on its own motion may direct that Sherron Davis be joined as a party to the garnishment. If the note is not a community asset, both payees under the note should be joined so as to adjudicate their respective rights under the note. The trial court should also determine whether the judgment against Robert Davis which is the subject of the garnishment grew out of a community tort and is therefore a community debt. *See Delph v. Potomac Ins. Co.* If the note is a community asset, the judgment of the trial court should be amended to properly reflect the extent to which each spouse's community interest may be subject to garnishment in accordance with the statutory priorities enacted for satisfying community or separate debts. *See* §§ 40–3–10, –11. If the trial court finds that the note is a community asset, Sherron Davis would be considered a proper but not indispensable party. *See City of Albuquerque v. Reynolds*, 71 N.M. 428, 379 P.2d 73 (1962).

## II. NON–NEGOTIABILITY OF NOTE

The promissory note sought to be garnished expressly stated that the instrument was a "non-negotiable promissory note." Garnishee contends that the note, by its terms, was not subject to garnishment and that the district court could not, under the garnishment statute, cause the proceeds thereunder to be paid to another in contravention of the terms of the note and the agreement of the parties. We disagree.

Sections 35–12–6 and –19, expressly authorize a judgment creditor to reach monies due a judgment debtor. *See also* Rule 1–065.1. The insertion of a provision specifying the non-negotiability of the note cannot circumvent a judgment creditor's right of garnishment. The promissory note executed by garnishee was dated October 1, 1984. The original judgment entered by the trial court against Robert Davis and the other defendants was filed on October 12, 1984. The trial court, on September 21, 1984, shortly prior to the execution of the note, entered its findings of fact and conclusion of law in the original action prior to the execution of the note. Whether or not a chose in action is negotiable does not control the right of the judgment creditor to reach by garnishment monies due to a judgment creditor. The purpose of the garnishment proceeding is to subrogate the plaintiff to defendant's rights against the garnishee. *See Hamil-*

*ton v. Hanks,* 309 So.2d 229 (Fla.App.1975). The test as to whether funds in the hands of another are subject to garnishment is whether the defendant in the original action could recover such funds directly against the garnishee. *See Morgan v. Morgan,* 156 Ga.App. 726, 275 S.E.2d 673 (1980); *see also Field v. Sammis,* 12 N.M. 36, 73 P. 617 (1903); *Grimm v. Sinnett,* 567 S.W.2d 418 (Mo.App.1978).

The non-negotiability of the note does not preclude the underlying debt due from the garnishee to the defendant Robert Davis from being collected by garnishment. Under Section 35–12–5, monies due under a chose in action are subject to garnishment.

 The promissory note, which was the subject of the garnishment, was not made a part of the record on appeal. Garnishee sought to place the note before this court by attaching a copy of it to his brief. It is improper to attach to a brief documents which are not part of the record on appeal. *Strickland v. Roosevelt Rural Elec. Coop.,* 99 N.M. 335, 657 P.2d 1184 (Ct.App.1982).

### III. ATTORNEY'S FEES

Garnishee's final point asserts that the trial court erred in refusing to award him attorney's fees incident to the garnishment proceeding, and that the trial court erred in awarding attorney's fees against him and in favor of Jemko.

The award of attorney's fees in a garnishment proceeding is governed by statute. § 35–12–16. This statute provides:

A. If the plaintiff prevails in a garnishment proceeding, he may be awarded either one or both of the following:

(1) [Costs] * * *.

(2) a reasonable attorney fee not exceeding ten percent of the judgment entered against the garnishee.

B. *If the garnishee answers as required by law, the court shall award the garnishee his actual costs and a reasonable attorney fee.* The award shall be against the defendant if the plaintiff prevails and against the plaintiff if the garnishee prevails. [Emphasis added.]

Under the above statute, the trial court could properly award attorney's fees to both plaintiff and the garnishee. Attorney's fees are allowed a garnishee to reimburse him for the cost of filing an answer and appearing in the trial court if his answer is controverted. *See Mendoza v. Acme Transfer & Storage Co.* The garnishee was entitled to an award of attorney's fees out of the monies due the judgment debtor based upon the filing of its answer and its claim that the wife was a necessary party to the garnishment proceeding.

The order of garnishment is reversed and the cause is remanded to the trial court for further action in accordance with this opinion. The trial court is also directed to award reasonable attorney's fees to both Jemko and garnishee based upon Section 35–12–16. Garnishee is awarded his costs and the sum of $1,500 for attorney's fees incident to this appeal.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.