1998-NMCA-035

956 P.2d 144

Stephanie **TRAMBLEY,** d/b/a **Trambley's Court Reporting Service,** Plaintiff–Appellee,

v.

Charles **WYMAN,** Defendant–Appellant.

No. 18473.

Court of Appeals of New Mexico.

Jan. 6, 1998.

Certiorari Denied Feb. 18, 1998.

Janet Velazquez, Albuquerque, for Appellee.

Charles A. Wyman, Albuquerque, Pro Se Appellant.

## OPINION

ARMIJO, Judge.

1. Defendant, an attorney, appeals from a district court order affirming a metropolitan court judgment against him for court reporter costs incurred by his former client in an unrelated matter. This case presents us with an opportunity to determine the constitutionality of NMSA 1978, Section 36–2–13.1(A) (1993), which provides that:

> [A]n attorney who engages a court reporter to perform court reporting services shall be jointly and severally liable with the client for whom the services were performed for costs of:
>
> (1) the shorthand reporting of the proceedings;
>
> (2) transcribing the proceedings; and
>
> (3) each copy of the transcript of proceedings requested by the attorney.

We determine that Section 36–2–13.1 does not encroach upon the power of the Judiciary to regulate the practice of law. Therefore, we conclude that Section 36–2–13.1 is constitutional.

2. Defendant contends that Section 36–2–13.1 amounts to an unconstitutional leg-

islative regulation of the practice of law. *See Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 312, 551 P.2d 1354, 1359 (1976) (Legislature lacks constitutional power to regulate practice and procedure in the courts). He argues that because the statute requires an attorney to make arrangements for the payment of court reporting services or else be subjected to liability, the making of those arrangements must constitute the practice of law. We reject Defendant's argument. Not all of the typical activities of an attorney necessarily constitute "the practice of law" subject to the exclusive constitutional prerogative of our Supreme Court. The simple act of making arrangements to pay a court reporter for deposition services does not contain any of the indicia of "the practice of law" that were identified in *State ex rel. Norvell v. Credit Bureau of Albuquerque,* 85 N.M. 521, 526, 514 P.2d 40, 45 (1973). Making such arrangements does not involve "rendering a service that requires the use of legal knowledge or skill." *Id.*

■ 3. Defendant further argues that the Legislature's intent to regulate the practice of law by means of Section 36–2–13.1 is manifest by inclusion of the statute under its acts regulating the practice of law. We reject this argument, as well. "The heading to an article represents little more than a convenient tag to an organizational grouping of statutes; it therefore cannot be used to create an ambiguity in an otherwise clear expression of the intent of the Legislature." *State v. Ellenberger,* 96 N.M. 287, 288, 629 P.2d 1216, 1217 (1981). Because we do not perceive any ambiguity in the legislative meaning arising from the body of the statute, resort to the heading to ascertain the legislative intent is not appropriate. *See id.* Additionally, it appears that the compiler, rather than the Legislature, chose the heading as a convenient place under which to position Section 36–2–13.1. The actual title of the act that enacted NMSA 1978, Section 36–2–1 (1941) (Supreme Court shall make rules regulating the practice of law), is "an act ... defining practice of law and regulating the same...." 1941 N.M. Laws, ch. 96. In contrast, the title of the act that enacted Section 36–2–13.1 is "an act relating to court actions; providing for attorney liability for court reporter ser-

vices." 1993 N.M. Laws, ch. 125. Hence, we do not interpret the placement of Section 36–2–13.1 as evincing a legislative intent to regulate the practice of law.

■ 4. Defendant further contends that Section 36–2–13.1 amounts to an unconstitutional regulation of the practice of law because it conflicts with the Rules of Professional Conduct. He argues that by making attorneys and their clients jointly liable for court reporting services, Section 36–2–13.1 is not consistent with Rule 16–108(E)(1), NMRA 1997, which states that the client is ultimately liable for the costs and expenses of litigation. Rule 16–108(E)(1) by its terms operates to ensure against conflicts of interest between lawyers and their clients "in connection with pending or contemplated litigation[.]" *See also ABA/BNA Lawyers' Manual on Professional Conduct* 51:803 (1995) (ethics rules prevent lawyers from enticing clients with the promise of monetary advances, ensure that lawyers place their clients' recovery ahead of their own, and protect lawyers from clients' requests for help and the competition of other lawyers who might be willing to provide financial assistance to their clients). However, the joint and several liability provision in Section 36–2–13.1 does not create an economic incentive to subordinate a client's interests in the related litigation in violation of Rule 16–108(E)(1). Rule 16–108(E)(1) makes no attempt to govern later disputes between lawyers and their clients and does not ethically require counsel to protect a client's interest in any subsequent litigation between them. For this reason, Section 36–2–13.1 does not conflict with Rule 16–108(E)(1).

■ 5. Finally, Defendant contends that his "rights and interests ... to complete and final justice" obligated Plaintiff to join Defendant's former client as an indispensable party in the proceeding to recover Plaintiff's costs for her court reporting services. We reject this contention for four reasons. First, as Defendant acknowledges, there is no metropolitan court analog to Rule 1–019, NMRA 1997 (joinder of parties needed for just adjudication). Second, Plaintiff had a statutory option to bring her action against

either Defendant or Defendant's former client or both of them. *See* NMSA 1978, § 38–4–2 (1880) (when two or more persons are bound jointly and severally by statute, the plaintiff may bring an action against any or all of them). Third, Defendant made no effort to join his client pursuant to Rule 3–301(D), NMRA 1997 (defendant may bring in a third party who is liable to him for all of the plaintiff's claims against him). Fourth, Defendant has not demonstrated that his former client's rights were necessarily affected by the metropolitan court judgment. *See Jemko, Inc. v. Liaghat,* 106 N.M. 50, 51, 738 P.2d 922, 924 (Ct.App.1987) ("An indispensable party is one whose interests will necessarily be affected by the judgment so that complete and final justice cannot be done between the parties without affecting those rights.").

6. For the foregoing reasons, we determine that Section 36–2–13.1 is constitutional and affirm the judgment against Defendant for court reporter costs incurred by his former client.

7. **IT IS SO ORDERED.**

PICKARD and BUSTAMANTE, JJ., concur.