2008-NMCA-154

196 P.3d 965

Stella R. KIRBY, Plaintiff–Appellee,

v.

LONG–TERM DISABILITY PLAN OF TAD RESOURCES INTERNATIONAL, INC., and Guardian Life Insurance Company of America, Defendants–Appellants.

No. 27,624.

Court of Appeals of New Mexico.

Aug. 20, 2008.

Certiorari Granted, No. 31,329, Nov. 5, 2008.

Mettler & Lecuyer, P.C., Earl Mettler, Albuquerque, NM, for Appellee.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Donald A. DeCandia, Albuquerque, NM, for Appellant Guardian Life Insurance.

## OPINION

WECHSLER, Judge.

{1} The opinion filed in this case on June 23, 2008 is hereby withdrawn and the following substituted therefor. The motion for rehearing of Plaintiff Stella Kirby is denied.

{2} Defendant Guardian Life Insurance Company of America appeals the district court order granting summary judgment in favor of Plaintiff. The district court order allows Plaintiff to garnish the insurance policy sold by Defendant to the Long–Term Disability Plan of TAD Resources International, Inc. (the Plan) in order to satisfy the Plan's default judgment debt owed to Plaintiff. On appeal, Defendant argues that (1) garnishment was an inappropriate remedy; (2) its due process rights were violated as a

result of the summary judgment order; (3) various provisions of the Employment Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001 to 1461 (2000), should have precluded the granting of Plaintiff's motion for summary judgment; and (4) Plaintiff was absolutely barred by the doctrine of res judicata from seeking recovery from Defendant. We conclude that Defendant is neither indebted to the Plan nor does it hold any property of the Plan subject to garnishment; therefore, the district court erred in granting Plaintiff's motion for summary judgment on its garnishment claim. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

{3} Between April 15, 1996 and May 14, 1997, Plaintiff was receiving long-term disability benefits from Defendant under a group insurance policy purchased by her employer, TAD Resources International, Inc. (Employer). Pursuant to ERISA, Employer had set up the Plan and purchased the insurance policy from Defendant, which served as the Plan's third-party administrator. *See* 29 U.S.C. §§ 1101–1102. After May 14, 1997, Defendant stopped paying Plaintiff benefits under the policy. As a result, Plaintiff filed suit against Defendant and Employer in 1999 in state district court seeking relief from Defendant's decision to terminate her benefits. In her initial complaint, Plaintiff pleaded only state law claims; she did not include the appropriate federal statutory claims under ERISA. In reaction, Defendant filed a motion to dismiss the complaint based on ERISA preemption. *See* 29 U.S.C. § 1144(a) (stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in Section 1003(b)); *see also Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2005–NMCA–053, ¶ 32, 137 N.M. 537, 113 P.3d 360 (explaining that ERISA expressly preempts state law claims that sufficiently relate to ERISA plans). The district court granted the motion and allowed Plaintiff fifteen days to amend her complaint. Plaintiff then filed an amended complaint, which named Employer as a defendant, but failed to name either Defendant or the Plan. Subsequently, Plaintiff filed an-

other amended complaint, which again included claims against Defendant along with claims against Employer and the Plan. Defendant responded by arguing that Plaintiff was, as a result of failing to include it in the amended complaint following the initial dismissal of the case, barred by the doctrine of res judicata from suing it for benefits. The district court ultimately agreed and dismissed Plaintiff's claims against Defendant with prejudice. Following the dismissal of Plaintiff's claims against Defendant, the district court also (1) granted summary judgment in favor of Employer, releasing it from liability to Plaintiff for benefits because Defendant "had sole discretion to determine and pay benefits under" the ERISA plan and (2) denied Plaintiff's motion for summary judgment against the Plan, reasoning that summary judgment was improper when Plaintiff was already "precluded from recovering against the party that fund[ed] the Plan."

{4} Eventually, the case was presented to this Court on appeal. The issue that Plaintiff raised was whether she was permitted to seek judgment against the Plan "as an entity" even though Defendant (the "disability insurer in control of administration of the plan") had been dismissed on res judicata grounds. *Kirby v. TAD Res. Int'l, Inc.*, 2004–NMCA–095, ¶ 1, 136 N.M. 148, 95 P.3d 1063. We concluded that Defendant and the Plan were not "identical or inseparable in regard to Plaintiff's benefits claim under [ERISA]." *Id.* ¶ 38. Accordingly, we also concluded "that Plaintiff's benefits claim against the Plan [was] not barred under res judicata or collateral estoppel," but we declined to render an opinion regarding "whether Plaintiff, were she to obtain a judgment against the Plan, [could] succeed in some action or proceeding to enforce the judgment." *Id.* Finally, we held that the district court was correct in ruling that Employer was an improper party to the lawsuit since it was merely a "sponsor and plan administrator with no control over the administration of the Plan and no authority or discretion in regard to acting on a benefits claim." *Id.* ¶ 45.

{5} On remand following that appeal, Plaintiff filed a motion in state district court

seeking benefits directly from the Plan under ERISA. At a subsequent hearing on Plaintiff's motion, no one entered an appearance on behalf of the Plan. As a result, the district court entered a default judgment against the Plan, concluding that (1) Plaintiff was totally disabled, (2) Plaintiff's circumstances met the definition of "disability" under the Plan's insurance policy, (3) Defendant's denial of benefits to Plaintiff was "arbitrary and capricious and without support in the record," and (4) Plaintiff was therefore entitled to future monthly benefits as well as benefits retroactive to the date that Defendant terminated payments in 1997. Shortly thereafter, Plaintiff's counsel contacted the Plan and requested satisfaction of the judgment. The Plan responded by asserting that it was Defendant's obligation to pay benefits under the policy; therefore, it refused to pay Plaintiff anything. Defendant also refused to pay Plaintiff, reasoning that the default judgment was entered exclusively against the Plan and that Plaintiff's claims against it had previously been dismissed with prejudice.

{6} Plaintiff proceeded to file suit in federal district court under ERISA's judgment enforcement provision, *see* 29 U.S.C. § 1132(a)(1)(B), in an attempt to compel Defendant to satisfy the Plan's state district court judgment debt. After that court granted Defendant's motion to dismiss, Plaintiff returned to state district court in order to file pleadings requesting, among other things, that she be allowed to collect on the Plan's judgment debt from Defendant by way of garnishment. Subsequently, Defendant moved to dismiss all of Plaintiff's claims, and Plaintiff filed a motion for summary judgment on her garnishment claim. After a hearing, the district court granted Plaintiff's motion for summary judgment. In doing so, the district court found that "the insurance policy sold by Defendant ... is an asset of the ... Plan" and that "[t]he policy imposes an obligation on [Defendant] to pay the benefits awarded to Plaintiff." Accordingly, the district court concluded that Plaintiff was permitted to recover on the Plan's judgment debt directly from Defendant by garnishing the group insurance policy that was sold by Defendant to Employer. Defendant presently appeals from that order.

## GARNISHMENT OF THE INSURANCE POLICY

{7} In this appeal, we must determine whether Plaintiff's motion for summary judgment on her garnishment claim was properly granted. The parties do not frame their arguments so as to allege or deny the existence of a genuine issue of material fact; rather, the question presented focuses on the propriety of the district court's application of our garnishment law to allow Plaintiff to garnish the group insurance policy at issue as an "asset" of the Plan. We therefore focus exclusively on the second prong of the summary judgment standard—whether Plaintiff is "entitled to a judgment as a matter of law." *See* Rule 1–056(C) NMRA. We afford such a question de novo review. *See Bd. of Educ. v. Thunder Mountain Water Co.*, 2007–NMSC–031, ¶ 6, 141 N.M. 824, 161 P.3d 869 ("Because the material facts are undisputed, we review the district court's grant of summary judgment de novo.").

{8} Plaintiff argues in her answer brief that "[i]t is well-recognized that garnishment of insurance coverage is a remedy that lies to collect a judgment against an insured defendant" if "(1) there is a non-voidable underlying judgment in favor of the judgment creditor and (2) the garnishee insurance carrier's policy of insurance covered the obligation that is the subject of the judgment." Her argument follows that because there is an enforceable judgment against the Plan and the insurance policy purchased from Defendant "covers the obligation sued upon," the insurance policy is subject to garnishment in the amount of the future and retroactive benefits awarded against the Plan in the default judgment. However, none of the cases that Plaintiff cites in support of her argument considered situations in which the garnishor was a beneficiary under a long-term disability policy; rather, they all considered situations in which the garnishor was a third-party beneficiary seeking to recover under the judgment debtor's liability insurance policy following vehicular accidents. *See, e.g., Howard v. Quality Xpress, Inc.*, 1999–NMCA–121, ¶¶ 1–2, 128 N.M. 79, 989 P.2d 896 (considering a judgment creditor's attempted garnishment of a judgment debt-

or's liability insurance policy following a truck accident). We note that liability insurance policies and long-term disability insurance policies are fundamentally different and that only the latter is at issue in this case. *See Cipala v. Lincoln Technical Inst.*, 179 N.J. 45, 843 A.2d 1069, 1075 (2004) (concluding that a long-term disability policy cannot be considered either a liability or an indemnity policy for the purpose of awarding attorney fees). Applying the facts of this case to our garnishment law, we disagree with Plaintiff's legal conclusion that she may garnish the long-term disability insurance policy that Employer purchased from Defendant on her behalf.

{9} Garnishment proceedings are governed by state statutory law. *See* NMSA 1978, §§ 35–12–1 to –19 (1968, as amended through 1979); *see also Jemko, Inc. v. Liaghat*, 106 N.M. 50, 52, 738 P.2d 922, 924 (Ct.App.1987). Section 35–12–19 gives district courts the authority to issue writs of garnishment, but a district court may not issue such a writ unless it has been shown that the garnishee is either "indebted to the defendant," *see* § 35–12–1(D)(1), or "holds personal property belonging to the defendant." *See* § 35–12–1(D)(2). Based on this standard, our question becomes whether (1) Defendant is indebted to the Plan under the group insurance policy or (2) the group insurance policy may be considered garnishable, personal property of the Plan.

■ {10} With respect to garnishment based on the garnishee's indebtedness to the judgment debtor, this Court has explained that "[t]he purpose of the garnishment proceeding is to subrogate the plaintiff to [the] defendant's rights against the garnishee." *Jemko, Inc.*, 106 N.M. at 54, 738 P.2d at 926. "The test as to whether funds in the hands of another are subject to garnishment is whether the defendant in the original action [i.e., the Plan] could recover such funds directly against the garnishee [i.e., Defendant]." *Id.* at 55, 738 P.2d at 927. In this case, the question is therefore whether the Plan has any right to recovery directly from Defendant under the insurance policy. Plaintiff affirmatively admits in her answer brief, as Defendant argues in its brief in chief, that

such recovery is not possible by stating that "the insurance policy requires [Defendant] to pay benefits *directly* to Plan beneficiaries." (Emphasis added.) Accordingly, regardless of whether Plaintiff is considered an insured under the policy, any conceivable debt for benefits owed to Plaintiff would necessarily have to flow directly from Defendant to Plaintiff. There is no possible situation under the insurance policy in which any debt could flow from Defendant to the Plan. As such, Defendant cannot be considered to be indebted to the Plan, and there is therefore no monetary obligation or other right that Plaintiff would be able to garnish.

■ {11} To the extent that Plaintiff argues in her motion for rehearing that she has a right to garnish the Plan's chose in action or a contract right under Section 35–12–3 to enforce Defendant's obligation to pay under the insurance policy, we are not persuaded. In making her argument, Plaintiff relies on Section 1132(a)(3) of ERISA for the proposition that the Plan "may sue its insurer to enforce obligations under an insured plan." However, the applicable federal case law dictates that an ERISA plan does not have standing to sue under Section 1132(a)(3) because it cannot be considered a plan participant, beneficiary, or fiduciary, as the statutory language requires. *Local 159, 342, 343 & 444 v. Nor–Cal Plumbing, Inc.*, 185 F.3d 978, 983 (9th Cir.1999). Even if we were to conclude that the Plan does, in fact, have standing to sue Defendant, Section 1132(a)(3) requires any civil action brought under its authority to be exclusively for equitable (i.e., not legal) relief. *See BlueCross BlueShield of S.C. v. Carillo*, 372 F.Supp.2d 628, 638 (N.D.Ga.2005) (concluding that a party's claim seeking "to enforce a provision of a plan document that would require" the payment of money cannot be considered "equitable in nature" so as to be permissible under Section 1132(a)(3)). Accordingly, and because (1) Plaintiff does not argue that any chose in action exists outside the ERISA context and (2) we are unable to identify any other contract right subject to garnishment in the record proper, we conclude that there is no garnishable chose in action in this case.

{12} With respect to garnishment based on the garnishee's possession of personal property belonging to the judgment debtor, Defendant contends that it does not hold property of the Plan that may be garnished. The district court concluded, based on Section 1101(b)(2) of ERISA, that the insurance policy purchased by Employer from Defendant is a garnishable "asset" of the Plan. Section 1101(b)(2) directs that ERISA guaranteed benefit policies that are issued by insurers must be considered "assets" of ERISA plans. With this foundational idea, Plaintiff argues that the "obligations contained in the policy are the property of the Plan, and that property is subject to garnishment." Plaintiff's argument follows that "[t]he obligations that inure in such assets are then enforceable in favor of the judgment creditor" and "the right that inures in the insurance policy is the right to the disability payments provided for therein."

{13} We understand Plaintiff to argue that, by virtue of holding the insurance policy as an "asset" of the Plan, Defendant may be ordered to pay benefits to Plaintiff under the policy as a garnishee in order to satisfy the Plan's default judgment debt. In support of her position, Plaintiff cites federal appellate cases for the proposition that the insurance policy constitutes "an obligation enforceable by the Plan" that is somehow garnishable against Defendant. *But see* 6 Am.Jur.2d *Attachment and Garnishment* § 164 (1999) ("[T]he liability of an insurance company to its insured can neither be created nor enlarged by the institution of garnishment proceedings."). The cases that Plaintiff cites, however, do not address the issue of garnishment; rather, they focus on the respective fiduciary duties of the various actors within the ERISA scheme. *See, e.g., IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1419 (9th Cir.1997) (concluding that summary judgment in favor of the insurance company administrator of an ERISA plan was improper when an ERISA plan and an employee sued for a breach of fiduciary duty because the record was insufficient to establish that the insurance company was not a fiduciary as defined by ERISA); *Mack Boring & Parts v. Meeker Sharkey Moffitt, Actuarial Consultants of N.J.*, 930 F.2d 267, 277 (3d Cir.1991)

(concluding that an insurance company was not acting as a fiduciary of an ERISA plan based on the nature of the contract at issue). In this case, any ERISA claim that Plaintiff may have originally brought directly against Defendant is now barred by the doctrine of res judicata. *See Hope Cmty. Ditch Ass'n v. N.M. State Eng'r*, 2005–NMCA–002, ¶ 10, 136 N.M. 761, 105 P.3d 314 ("We have ruled that a dismissal with prejudice is an adjudication on the merits for purposes of res judicata."). Therefore, to the extent that Plaintiff claims entitlement to garnish the insurance policy based on the fiduciary duties owed and the intricacies of the relationships between the parties under ERISA, she is precluded from doing so. Our focus must remain on the relationships and duties of the parties in the context of our garnishment law, not ERISA law.

{14} We agree with Defendant that the remedy that Plaintiff seeks is not within the scope of our garnishment law. Even if the insurance policy is considered to be the property of the Plan for the purposes of Section 35–12–3(A), it does not necessarily follow that any potential, unrealized proceeds under the insurance policy in the form of benefits to Plaintiff are also the property of the Plan and therefore subject to garnishment. *Cf. Barela v. Barela*, 95 N.M. 207, 209, 619 P.2d 1251, 1253 (Ct.App.1980) (differentiating between the ownership of an insurance policy and the ownership of the proceeds of the policy in the context of a community property dispute). Ultimately, we do not understand, and Plaintiff does not explain in her answer brief, how a transfer to her of the insurance policy held by Defendant could help to satisfy the Plan's judgment debt.

{15} Essentially, Plaintiff is asking this Court to allow her to collect on the Plan's judgment debt directly from Defendant without any court order adjudicating Defendant, as a named defendant, liable to her under the insurance policy. The garnishment of an insurance policy is not intended to work in that manner. On the contrary, garnishment "come[s] into play in insurance when a creditor of the insured or a beneficiary, or an injured third party attempts to ... garnish some interest of the insured or bene-

ficiary: the right to receive policy proceeds, the right to sue the insurer, and the like." 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 232:198, at 232–169 (3d ed.2000); *accord* § 35–12–3(A) (stating that "rights" are subject to garnishment). In other words, when an insured or beneficiary has secured some right against an insurer, a third party to whom the insured or beneficiary owes a judgment debt may garnish the right of the insured or beneficiary against the insurer in order to satisfy the debt. *See* 16 Russ & Segalla, *supra*, § 232:198, at 232–169. The only right that Plaintiff has secured in this case is the right to recover directly from the Plan for the Plan's default judgment debt. As discussed above, Defendant owes no debt to the Plan because the Plan is not the beneficiary of the insurance policy. There is therefore no right flowing from Defendant to the Plan for Plaintiff to garnish. Ultimately, Plaintiff is not entitled to recovery by garnishing the insurance policy in this case because she is essentially attempting to garnish her own alleged right to recover benefits from Defendant under the insurance policy. Our garnishment law does not contemplate such an action. *See* § 35–12–3.

{16} In making our decision, we note that Plaintiff may have had a right to recover directly from Defendant if she had properly sued Defendant pursuant to ERISA in the original action and Defendant had not been dismissed with prejudice. However, Plaintiff lost the possibility of direct recovery from Defendant when she decided not to appeal the district court's dismissal of her claims against it in the underlying action. *See Kirby*, 2004–NMCA–095, ¶ 12, 136 N.M. 148, 95 P.3d 1063 ("Plaintiff does not appeal from or otherwise attack on appeal the dismissal of her ERISA claim against [Defendant]."). Under the facts of this case, garnishment of the insurance policy held by Defendant on behalf of the Plan is an inappropriate means to achieve recovery for the default judgment debt that the Plan owes Plaintiff.

## CONCLUSION

{17} We conclude that Plaintiff may not satisfy the Plan's judgment debt by garnishing the insurance policy sold by Defendant to Employer. Accordingly, we reverse the district court's order granting summary judgment in favor of Plaintiff and remand to that court for any further proceedings that may be necessary. As a result of our conclusion, we need not address the remaining arguments that Defendant makes in this appeal.

{18} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL E. VIGIL, Judges.