This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERNEST J. GUTIERREZ,**

Plaintiff-Appellant,

v.                                        NO. 33,344

**GLORIA GARLY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet Otero, District Judge**

Ernest Gutierrez
Santa Fe, NM

Pro Se Appellant

Gloria Garly
Los Lunas, NM

Pro Se Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Plaintiff appeals an order dismissing his claim against Defendant on the merits. In our notice of proposed summary disposition, we proposed to affirm. In response to

this Court's notice, Plaintiff has filed a memorandum in opposition, which we have duly considered. As we do not find Plaintiff's arguments to be persuasive, we affirm.

{2} Plaintiff appeals from the district court's order dismissing Plaintiff's case after finding that Plaintiff had failed to provide credible evidence to demonstrate that he was entitled to damages. [DS 23] Plaintiff's complaint alleged that Defendant wrongfully sold or otherwise disposed of Plaintiff's belongings after Defendant had agreed to keep them for Plaintiff during the period that he was incarcerated. [RP 7-10] Defendant failed to file an answer, and Plaintiff filed a motion for default judgment. [RP 29-30] After a hearing on Plaintiff's motion, the district court declined to enter a default judgment and instead ordered a deputy to accompany Plaintiff to Defendant's home to collect those of Plaintiff's things that Defendant still had. [RP 34] Plaintiff then filed a notice with the district court to inform it of what items he asserted he had not been able to recover from Defendant's home. [RP 35-45] In an effort to obtain a ruling regarding the remainder of his property, Plaintiff filed a motion, which he called a Motion for Contempt. [RP 49-50] On November 9, 2009, the district court held a hearing on the motion and then dismissed Plaintiff's complaint, apparently without formally taking evidence. [RP 51, 64, 72-73] Plaintiff appealed, and this Court proposed to reverse. [RP 70-76] Having received no memorandum in opposition to our notice of proposed summary disposition, we issued

a memorandum opinion reversing and remanding for an evidentiary hearing on Plaintiff's claim regarding the items he asserted that he had not been able to recover. [RP 92-93]

{3} On remand, the district court held a hearing and entered findings of fact. [RP 147-51] At the hearing, Defendant testified that Plaintiff had retrieved everything belonging to him that had been in her possession. [RP 149-50] Although Plaintiff presented contrary testimony, the district court weighed the credibility of the witnesses and found that Plaintiff's testimony was not credible. [RP 150] Accordingly, the district court concluded that Plaintiff had failed to prove that he was entitled to damages. [RP 151] Plaintiff appealed a second time, and this Court proposed to affirm, noting that on appeal, this Court does not reweigh the evidence or substitute its judgment for that of the factfinder. *See Webb v. Menix*, 2004-NMCA-048, ¶ 8, 135 N.M. 531, 90 P.3d 989 (explaining that the duty to weigh the credibility of witnesses and to resolve conflicts in the evidence is for the district court, and this Court will not reweigh the evidence or substitute our judgment for the trier of fact on appeal). Plaintiff has filed a memorandum in opposition, which is primarily directed at events that occurred prior to Plaintiff's first appeal. [MIO 1-3] However, as Plaintiff succeeded in that appeal, and as Plaintiff subsequently received an evidentiary hearing on the merits, these arguments do not provide a basis for reversal.

**{4}** In addition, Plaintiff has attached additional evidence to his memorandum in opposition, which this Court does not consider. *See Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal."). As an appellate court, we only review matters actually presented to the district court.

**{5}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{6} IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**