829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,
Diane Bernice Coffman; Defendant-Appellant,
v.
Marian COFFMAN, Defendant-Appellee.
 No. 87-1588.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1987.
Decided Sept. 18, 1987.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, District Judge. (C/A No. 85-3037-HM)
 (Paul J. Feeley, Paul J. Feeley, Jr., on brief), for appellant.
 (Howard J. Needle, Sarah C. King, Needle and Ehudin, on brief), for appellee.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald Coffman, a private in the United States Army, died in 1985 of an accidentally inflicted gunshot wound. This interpleader action was filed by Prudential Insurance Company against Diane Coffman (Ronald's mother) and Marion Vicky Coffman (Ronald's wife) to determine who was entitled to receive the proceeds of Ronald's Servicemen's Group Life Insurance (SGLI) policy.
 
 
 2
 The district court did not make any findings relative to its jurisdiction to hear this dispute. Because of the limited nature of federal court subject matter jurisdiction, we must determine whether the district court had jurisdiction over this action. See Mitchell v. Maurer, 293 U.S. 237, 244 (1934).
 
 
 3
 Prudential filed this action under the Federal Interpleader Act, 28 U.S.C. Sec. 1335. However, because both claimants Diane and Vicky are residents of Maryland, and since the citizenship of the stakeholder Prudential is irrelevant for jurisdictional purposes in statutory interpleader actions, the diversity of citizenship required between the claimants under Sec. 1335 is not present. See 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1703, at 498 (2d ed. 1986).
 
 
 4
 We therefore proceed to determine whether the district court had any other ground for jurisdiction over this action. See Mitchell, 293 U.S. at 243-44; United Benefit Life Insurance Co. v. Leech, 326 F. Supp. 598, 599-600 (E.D. Pa. 1971). We find that the district court had jurisdiction over this action pursuant to the general diversity statute, 28 U.S.C. Sec. 1332, and Rule 22 of the Federal Rules of Civil Procedure governing rule interpleader. There is complete diversity between the stakeholder Prudential (a citizen of New Jersey) and both of the claimants (citizens of Maryland). Further, the amount in controversy exceeds $10,000. Therefore, the requisites for general federal diversity jurisdiction have been satisfied. 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1710, at 538-40 (2d ed. 1986).
 
 
 5
 On December 17, 1984, Ronald Coffman filled out an SGLI election form naming his mother as beneficiary of the insurance proceeds. Ronald and Vicky were married on January 23, 1985. Vicky contends that after their marriage Ronald made her the beneficiary of the SGLI policy.
 
 
 6
 A trial was held before the district court to determine who was the proper beneficiary. Evidence was introduced that the only SGLI form in Ronald's Army file was the December 1984 form naming his mother as beneficiary. Vicky presented evidence that Ronald had told her that she would be provided for if.anything happened to him, that Ronald had told his sergeant that he had changed his life insurance beneficiary, that she had accompanied Ronald when he had reported to update his file, and that all of Ronald's other paperwork was changed to reflect the change in marital status and he made Vicky the beneficiary of all other monetary benefits.
 
 The district court found that:
 
 7
 (1) Ronald intended Vicky to be the beneficiary of his policy;
 
 
 8
 (2) he filled out a form designating Vicky as beneficiary;
 
 
 9
 (3) he signed that form;
 
 
 10
 (4) it was received by his uniformed service, the Army; and
 
 
 11
 (5) the form subsequently disappeared through no fault of Ronald's.
 
 
 12
 Based on these findings the court awarded the insurance proceeds to Vicky. Ronald's mother appealed.
 
 
 13
 Under Rule 52(a), Fed. R. Civ. P., a district court's "findings of fact shall not be set aside unless clearly erroneous." As long as the district court's findings are plausible based on the evidence produced at trial the court's account of the evidence is not clearly erroneous. This is true even if, as here, the findings are based on inferences from other facts. Anderson v. City of Bessemer City, 53 U.S.L.W. 4314, 4317 (U.S. Mar. 19, 1985) (No. 83-1623).
 
 
 14
 Upon review of the record in this case we cannot say that the district court's finding that Ronald completed an SGLI form designating Vicky as beneficiary which form was then lost by the Army is clearly erroneous. Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed. R. App. P. 34 and Local Rule 34(a).
 
 AFFIRMED