**SELECTIVE INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Trina Gale NORRIS, et al., Defendants.**

**No. 5:01–CV–919–H(3).**

United States District Court,
E.D. North Carolina.
Western Division.

June 13, 2002.

William H. Sturges, Daniel R. Hansen, Shumaker, Loop & Kendrick, Charlotte, NC, for Selective Insurance Company of America, plaintiffs.

Trina Gale Norris, Dunn, NC, Pro se.

Audrey L. Bryant, Spring Lake, NC, Pro se.

Linda Elma Beasley, Holly Spring, NC, Pro se.

### *ORDER*

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiff's motion to dismiss and plaintiff's mo-

tion to deposit $25,000 in an interest bearing checking account to satisfy its potential liability pursuant to 28 U.S.C. § 1335. The court, after an examination of the complaint filed by plaintiff and the applicable statutes, concludes that it does not have jurisdiction over this action.

## STATEMENT OF THE CASE

The material facts in this case are undisputed. Plaintiff, Selective Insurance Company of America, Inc. ("Selective"), is a surety bonding company incorporated and existing under the laws of New Jersey, with a principal place of business in New Jersey. Defendants are North Carolina residents who were customers of David Brown Homes, Inc. ("David Brown"), a North Carolina business entity that manufactured and sold mobile homes and manufactured housing. David Brown is currently in bankruptcy proceedings in this district. Selective issued a manufactured housing dealers bond ("Bond") to David Brown in the North Carolina statutory amount of $25,000. After David Brown's bankruptcy, several of its former customers complained that the company had not complied with its sales contracts. As a result, these customers notified Selective of potential claims against David Brown, and sought recovery from the $25,000 bond Selective had issued to David Brown.

Selective initiated this action in interpleader, pursuant to 28 U.S.C. 1335 and Fed.R.Civ.P. 22, and seeks to deposit the $25,000 with the court in satisfaction of its obligations under the bond. Selective is an impartial stakeholder with respect to the $25,000 and has been confronted with claimants whose stakes exceed the total amount owed by Selective. Therefore, Selective is ready, willing, and able to place the full amount of the bond with the court and seeks an order discharging it from any other future obligations under the Bond.

## COURT'S DISCUSSION

In any case in federal court, federal subject matter jurisdiction must be present before the court may properly consider the claim. Cf. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). Plaintiff initiated this interpleader action in order to fulfill its obligations under the Bond and be discharged from any future actions involving the Bond. The concept of interpleader, while oftentimes procedurally clouded by cross claims, requests for attorneys' fees, and the like, is actually quite simply stated: that, where two or more persons are engaged in a dispute over some property, and the subject of that dispute is in the hands of a third party who is willing to give up the property, the third person is not obliged to be at the expense and risk of defending the action. Rather, the third party may give up the property and be relieved from further actions concerning the matter, leaving the court to resolve the dispute between the persons claiming an interest in the disputed property. Cf. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ.3d § 1701, at 534. In the instant case, the plaintiff is the third party willing to give up the subject of the dispute, namely the $25,000 Bond amount. The defendants are those persons claiming an interest in the property held by the plaintiff. Through this interpleader action, the plaintiff hopes to turn the $25,000 over to the court and be relieved of all its obligations under the Bond. In order to accomplish this, plaintiff references the two central interpleader provisions, statutory interpleader, 28 U.S.C. § 1335, and rule interpleader, Fed.R.Civ.P. 22. While the concept of interpleader under both statutory and rule interpleader is similar, their jurisdictional differences are significant. "The central distinction between statutory interpleader and rule interplead-

er is the basis for a federal court's subject matter jurisdiction under each." *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584 (D.C.Cir.1993).

Rule interpleader is merely a procedural device, and does not confer federal jurisdiction over a claim. Thus, an interpleader brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction. This may, of course, include diversity jurisdiction, provided that the complete diversity and amount in controversy requirements are met. *Leimbach v. Allen,* 976 F.2d 912, 917 (4th Cir.1992). In the instant case, the amount in controversy is $25,000, the limit of the plaintiff's obligation under the Bond. As a result, the stake involved does not exceed the $75,000 amount in controversy required for diversity jurisdiction. Because this requirement is not satisfied, the court has no jurisdiction over plaintiff's interpleader action under Rule 22.

While Rule 22 is a procedural devise, statutory interpleader under 28 U.S.C. § 1335 confers on federal courts jurisdiction over certain interpleader claims. In plain terms, § 1335 declares that "district courts shall have original jurisdiction of any civil action of interpleader," as long as the amount in controversy equals $500 or more and the *claimants* are at least minimally diverse. 28 U.S.C. § 1335(a). In other words, assuming the requisite jurisdictional amount is met, statutory interpleader still requires that two or more of the adverse claimants to a contested fund be "of diverse citizenship as defined in section 1332 of this title." 28 U.S.C. § 1335(a)(1); *Commercial Union Ins. Co.,* 999 F.2d at 584; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1381 (9th Cir.1988). In this sense, it is irrelevant whether the plaintiff-stakeholder is actually diverse from the claimants. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ.3d. § 1703, at 538 ("The citizenship of the stakeholder is irrelevant for jurisdictional purposes in statutory-interpleader actions."). Similarly, lack of diversity among the claimants cannot be cured by the fact that the plaintiff-stakeholder is diverse from some or all of the claimants.

In the present case, the claimants do not have the requisite diversity to support jurisdiction under the statutory interpleader rules. While the amount in controversy exceeds $500, all the listed defendants claiming an interest in the Bond funds are residents of North Carolina. The fact that the plaintiff is a resident of New Jersey does not establish the diversity required in a statutory interpleader case, where the relevant inquiry focuses on the diversity of the claimants. *State Street Bank and Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 89 n. 4 (1st Cir.2001). This, of course, is in stark contrast to the diversity requirements for interpleader under Rule 22. *Commercial Union Ins. Co.,* 999 F.2d at 584 ("[I]n contrast to section 1335, which focuses on the diversity of the claimant-defendants, Rule 22 (per section 1332) requires diversity between the plaintiff-stakeholder and the claimants.").

The court is sympathetic to the plaintiff's situation, but it cannot use that sympathy to expand this court's jurisdiction over interpleader actions beyond that embodied in the statute. Moreover, the Fourth Circuit has clearly held that the diversity of citizenship required between claimants under § 1335 cannot be affected by the citizenship of the plaintiff-stakeholder. *Prudential Ins. Co. of America v. Coffman,* 1987 WL 38632 * 1 (4th Cir. Sept.18, 1987) ("[T]he citizenship of the stakeholder ... is irrelevant for jurisdictional purposes in statutory interpleader actions ...."); *see also State Street Bank*

*and Trust Co.*, 240 F.3d at 89 n. 4 (1st Cir.2001) (noting that statutory interpleader is unavailable if potential claimants are not diverse).

## CONCLUSION

Based on the foregoing analysis, plaintiff's various motions are DISMISSED for lack of subject matter jurisdiction. The clerk is directed to close this case.